Opinion op the Court.
Benjamin P. Campbell and Azariah Davis hied this bill against Jesse Harrison, to obtain the specific'performance of a contract entered into by Harrison, in which he bound himself by a bond, “ ta relinquish and give up to said Campbell andDavis, by a proper instrument of writing for that purpose, all that quantity or parcel, of land, which interferes between his claim as assignee of John Caruthers, originally, and a patent in the name of Benjamin P. Campbell and Azariah Davis^ assignees, originally, of James M’Adow;” which relinquishment was to be made on or before the first day of September 1811..
Harrison answered, admitting the execution of this obligation; but avers, that it was given and exe&ited by him for and in consideration of two obligations executed by the complainants below, to him, of the same date, which he exhibits. The first, binds the complainants “ to make or cause to be made unto the defendants, a special warranty deed, to all that part of a patent now in the name and possession of said Benjamin P. Campbell and Azariah Davis, that interferes with a survey of said Jesse Harrison, which he purchased, and was originally entered and surveyed in the name of James Caruthers;” which deed was to be made on or before the said first day of September 1811.
The second writing was executed by the defendant, Benjamin P. Campbell, alone, dated oh the same day, and binds the said Campbell “to make unto said Jesse Harrison, a legal and proper transfer, to and of two, small entries, which he owned, forming a connection a *293 land called the Pyle connection, containing about fifty acres;” which transfers were to be made so soon as surveys could be made lawfully.
It is a settled principle, that a person asking the specific performance of a contract, must either show himself' without default, or must exhibit an excuse which will fully justify any default he may have made.
Harrison further states, that he was not acquainted with the interference with his claim purchased from the said James Caruthers, which the complainants agreed to relinquish; but that tjjiey represented the said interference to be considerable, and thereby got him to enter into the contract; and he has since discovered that there is no interference at all. Hence, they have defrauded him, and can show no interference. .And also, they, or the complainant Campbell, has not assigned to him the two small entries of fifty acres. He requires that they .shall be compelled to show that there is any interference with his claim, which they stipulated to relinquish; and if there is such an one as they represented, he is still willing to complete the contract. He avers that the claim which they agreed to relinquish to him, was sold for taxes, and bought by a certain Lewis, who had since brought an ejectment against him on the same claim, which he defended, and which was dismissed for the want of prosecution. He exhibits the record in ejectment, as set forth in his answer; and this is the whole evidence in the cause, except the other exhibits made part of the bill and answer.
The court below, on hearing, dismissed the bill with costs; and from this decree the complainants below have appealed.
1. It is now contended, that as there was no evidence impeaching the contract on the part of the appellee, it ought to have been enforced; that the contracts are distinct and independent, and that for this cause the decree ought to have enforced the complainants’, leaving the defendant to enforce his by his proper remedy. It is readily admitted, that in a court of law, these contracts would be deemed independent; and if one party should have applied to that court for redress, the failure of performance on the other side, could not have been pleaded in bar. If, however, the whole stipulations of these parties had been written in one covenant, and on one piece of paper, and the conveyance of each was to have been made on the same day, the acts would be simultaneous, and one could not probably have recovered at law, without averring a readiness or offer tq *294 ^ perform on bis part. This latter rule, a court of equi- " ty applies to distinct covenants, written on different pieces of paper, wherever one is the consideration of the other, and requires the complainant to have been in no default, when he asks specific performance. If, in this case, both the writings exhibited by the appel-lee, were to have been performed at the same instant with that set up by the appellants, as both parties had failed to comply with their respective stipulations, it would be hard to find any principle of equity, which would interfere to aid either of them. Here, however, the case is more strong in favor @f the appellee» It is true, he was to relinquish to the appellants, and they to him, their respective interferences, on the same day. But one of them was also to tranfer to him the two small entries named in the third contract, “ so soon as surveys could be made lawfully.” It is not shown, that there was any legal impediment to making these surveys forthwith; and as all the contracts were made on the 10th day of July, in the same year when they were to have been fulfilled, no reason is shown why these surveys could not have been made, and the transfers prepared and tendered before the tenth of the ensuing September. Here, then, was the first failure on the part of the complainants, now appellants, themselves; and, for this reason, they are entitled to no relief; for it is a settled principle, that the party asking a specific performance, must show himself in no default, without exhibiting an excuse which would fully justify it. The court below did not, therefore, err in dismissing the bill, leaving each to apply to a court of law, if they ehose.
'Under what circumstances mutual contracts will be presumed to be the consideration of each other.
2. We have, in considering this case, assumed the fact to be, that the contracts exhibited by the appellee in his answer, form the consideration of that exhibited by the appellants, in the absence of any express testimony to that effect; and we conceive that we are warranted in doing so. They bear date all at the same period, and are between the same parties; and in the absence of proof of any additional or different dealings between the parties, the presumption' is fair, that one was executed in consideration of the other.
We have, in this opinion, attached no importance to the fraud suggested by the appellee, and the denial of any interference between his claim and that -which the *295 appellants agreed to relinquish to bim. The bond which he holds acknowledges an interference, and ought to be taken as true, without further proof, bis denial notwithstanding. This defence, on which he relies, is affirmative matter set up in avoidance, and therefore ought to have been proved, to avail him in this suit. We. rest the case on the appellants’, by the face of their own contracts, being in default in the stipulations to be performed by them, which constituted the consideration of the act to be performed by the appellee.
The decree must, therefore, be affirmed with c»sts.