Moses M. Strong *v.* Asahel Barnes.

The decision of the county court on a question of fact, where the issue is tried by the court, cannot be examined on exceptions.

If a person affirm that he is the owner of a chattel, and sells the same, and by the bill of sale releases all his right and interest in a specific chattel, when he was not the owner of any such chattel, he is liable.

Different writings between the parties, executed at one and the same time, and on the same subject matter, are to be construed together.

This was an action of assumpsit, brought on a sale of a carding machine. Plea, *non assumpsit*, and issue to the court.

The plaintiff, in support of his declaration, offered the papers, copies of which are as follows:

"Addison, March 1st, 1832.

"In consideration of one hundred dollars received of Mo-"ses M. Strong, of Rutland, I do hereby sell and transfer to "the said Moses M. all my right, title, interest, property, "claim, and demand of, in, and unto a certain carding ma-"chine in Bristol in the state of Connecticut, which is in the "possession of Miles Lewis, it being the same machine which "I used and occupied at said Bristol, and also all apparatus "and appendages belonging to said carding machine.

    (Signed)         ASAHEL BARNES."

"Messrs. Miles Lewis and Charles G. Gray;

"I have this day sold to Moses M. Strong the carding "machine which I own in Bristol, in the care of Mr. Lewis, "and I wish you would deliver said machine to him or his "order, and render him such assistance towards selling or "otherwise disposing of said machine as you may have it in "your power to do.

    (Signed)         ASAHEL BARNES."

The plaintiff also offered evidence tending to show that at the time of said contract, the defendant had no carding machine in the hands of said Lewis in Bristol, Connecticut.— The defendant then offered testimony to show that, at the time of giving said writing, the plaintiff as agent for the wife of Moses Seymour, jr. made a claim upon defendant on account of certain wool carding formerly done by defendant and Moses Seymour, jr. in Bristol Connecticut, from 1808 to 1812, and that he was authorized to settle and compromise with the defendant for what should be due from

him. It appeared that defendant carried on said business in said Bristol, under the firm of Asahel Barnes & Co., and that Seymour was concerned with him in said business. That in the prosecution of said business, they had used two carding machines, and that when defendant left that country, the machines were left in the care of Abel Lewis, and remained with him until his death, and then came into possession of his son Miles Lewis, who was administrator on his estate, and that in the spring of 1815, one Charles G. Ives took the possession and care of the said machines at the request of and as agent for the defendant, and the said Ives delivered one of the machines, in 1821, to a Mr. Willard on an order from the defendant, and that the other remained in said Bristol until 1826, when it was sold by said Seymour.

It further appeared, that Samuel Strong had or claimed an interest in one or both of the machines. It appeared that after defendant removed in the following year, he visited Bristol and settled some of the business of the company, and that he had not since resided in said Bristol. It also appeared, that at the time the aforesaid writings were given, defendant claimed to have a right in one of the machines and business at Bristol as aforesaid, and no notice was given by said Samuel Strong that said Seymour had removed and sold said machine, nor was any evidence given to show that either the plaintiff or defendant had notice of it; but it did appear that the defendant did not claim to be the owner of any machine at said Bristol, except such as had been used by said Barnes & Seymour in the business of said company. It further appeared that at the time of making said settlement and contract, doubts were expressed to the defendant whether he had any such carding machine as described in his bill, and he was told that he had no such machine as he proposed to convey; in reply thereto, he affirmed and insisted that he had such machine as he proposed to convey.

It further appeared in evidence, that the plaintiff had demanded the machine, and it had not been delivered to him, and that, in fact, defendant had no such machine.

It further appeared that the defendant owned a third and inferior machine, which was taken out of said works and replaced by one of the two above mentioned, and that, when he left, it was claimed by said Seymour; that he had taken one of the two said machines used in partnership, at that time being largely indebted to said partnership, and having no right of property in either of said machines; but only in the use thereof. It did not appear that the plaintiff was informed that the defendant had taken away the inferior machine, which belonged to the defendant but it did appear that the latter affirmed and insisted that there was a machine in said Bristol which belonged to him. It did appear that, at the time of said settlement and compromise between the defendant and the plaintiff as the representative of said Seymour, the plaintiff claimed a larger sum as due than the one finally agreed on including said carding machine at said Bristol at the price of one hundred dollars, and that a part of said claim was founded upon a charge against the defendant of having improperly taken away a carding machine from said Bristol at the time he left, and a part for accounts belonging to said partnership improperly collected and received by him and that they finally settled by the defendant paying a certain sum and giving a bill of sale of a carding machine which he affirmed he then had at said Bristol, which, from defendant's representations, was estimated at one hundred dollars.

The defendant contended that the contract was a mere release of defendant's right, but if it extended further than that in terms, yet when taken in connexion with the fact that it referred to property of which defendant admitted Seymour was a part owner, it was clearly intended as a release of his right. The defendant further contended, that even an absolute bill of sale of a chattel, by one joint owner to another joint owner, must, from the very nature of the case, be construed to extend to nothing more than a transfer of the seller's interest in the chattel. The defendant also insisted that the order on Lewis & Ives formed no part of the contract. But the county court decided that said order was to be used in con-

struing the contract, and that the bill of sale amounted to a warranty that the defendant was owner of a machine mentioned in the contract, and that the sale was not of any one machine in particular, but that as the contract was executed in settlement of a claim made on the defendant for a sum due to the said Moses Seymour from the defendant on account of said carding, the plaintiff was entitled to recover, and rendered judgment accordingly. To which the defendant excepted.

*C. Linsley*, for defendant, contended,

1. That the testimomy amounted only to a release of the defendant's interest in the machine.

2. That the order, admitted in evidence, was no part of the contract, and should have been excluded.

*E. L. Ormsbee*, for plaintiff, insisted,

1. That the bill of sale and order, relating to the same subject matter, and executed between the same parties, and at the same time, should be taken and construed together. 2 Aik. R. 204.

2. That the law implies a warranty of title in cases of sale of personal property.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—There does not appear to be any question of law of any importance presented in this case.— The questions were principally those of fact, and, as such, the decision of the county court upon them was final.

Under the declaration, all which the plaintiff was bound to show, was that the defendant sold or attempted to sell a carding machine, when, in point of fact, he had none. If he affirmed that he had an interest in a carding machine, and released that interest, when, in fact, he had none, he was liable to the plaintiff on his warranty, whether he sold the machine itself, or his interest, right or title in said machine.— The county court found, as a matter of fact, that the defendant was not the owner of any machine, but he affirmed that he was, and how then can it be that he said he sold any one in particular, when he did not own any one, nor can it be ascertained, nor is it of any consequence which of the three machines, about which testimony was taken, was in his mind at the time.

As to the admission of the order, the county court were

right. It was decided in the case of *Raymond* v. *Roberts*, 2 Aik. Reports, 204, that different writings, upon the same subject, executed at the same time, are to be treated as one instrument, and construed together. If the order was material to a right understanding of the contract, it should have been received for that purpose. If it was not material, the admission of it would not afford any room for disturbing the judgment. The judgment of the county court, on all the questions of law presented, was correct and must be affirmed.