WASHINGTON,
*March*,
1843.

Reed
*v.*
Field &
Briggs.

JOSEPH REED *v.* LYMAN FIELD and WILLIAM P. BRIGGS.

Where two written instruments are made at the same time, relating to the same subject-matter and to one entire transaction, they are to be construed together, and one may qualify the other.

In a case where a note was to become obligatory upon there being a failure of title in a third person to certain premises, it was held unnecessary, in an action on the note, to show such failure by an adjudication of a court of competent jurisdiction, in an action brought to try the title.

Held, that the town clerk of the town where title deeds are to be recorded might be called as a witness to prove that no title of record appeared in a person, who professed to convey the title, except under a vendue deed, and that this was competent evidence tending to prove a want of title in the person so conveying the land.

To make title under a vendue deed, the requisitions of the statute must be complied with; and the recitals in a collector's deed, though of long standing, are not *prima facie* evidence of it, where there has been no possession under the vendue title.

The claiming title, and payment of taxes upon unoccupied lands, is no *adverse* possession.

ASSUMPSIT, on a promissory note, dated February 18, 1839, given by the defendants to J. P. Miller or order, and by him indorsed to the plaintiff. Plea, non assumpsit. Issue to the country. On the trial in the county court, the execution of the note, and the indorsement thereof to the plaintiff having been admitted, the defendants read in evidence a paper, admitted to have been executed at the time of the execution of the note, of the following tenor:—

"Whereas, Lyman Field and William P. Briggs have this ' day signed a promissory note to me for twelve hundred and ' twenty-seven dollars and five cents, payable on demand, ' with interest annually, which note I have taken as collateral ' security of a debt of the same amount, due from Thomas ' Chittenden, which debt of said Chittenden to me is secured ' by mortgage on his lands in the town of Worcester; and ' the said Briggs and Field are not to be called on to pay the ' note by them so signed to me, under two years from this ' date, nor then, unless there should be a failure of title in ' the said Chittenden, to the said lands, in Worcester; and, ' at the expiration of the said two years, if the title of the ' said Chittenden shall prove good and valid, then, in that ' case, the said note is to be given up to the said Briggs and ' Field, unless they shall elect to pay the money; and if they

' so elect, then I am to discharge or assign the mortgage
' given me by the said Chittenden.          J. P. Miller."

Upon these papers the court held that the plaintiff was
not entitled to recover without showing a failure in the title
to some portion of the land described in the contract.   The
plaintiff then called the town clerk of Worcester as a witness,
who testified that he had examined the records of deeds of
lands in that township, and could find no other title in
Thomas Chittenden to lands in Worcester, than that derived
through Noah Chittenden and Martin Chittenden, which
rested ultimately upon the vendue of Stephen Pearl.   The
plaintiff then gave in evidence copies of the several deeds on
record, tracing title from said Pearl to Noah Chittenden, and
also a copy of the proceedings of said Pearl from the records
of the county clerk in Chittenden county, all which the court
held insufficient to show title in said Thomas Chittenden,
and that this was *prima facie* evidence of a defect of such
title.

The defendants then gave in evidence the copy of a deed
of these lands from Ezra Goodrich to Noah Chittenden, and
from said Noah to said Thomas, and also from said Noah, as
sheriff of the county of Chittenden, to said Ezra of a date
anterior to either of the deeds last named, purporting to be
a collector's deed, on sale of these lands, under an act to
defray the expense of running town lines.   The defendants
also gave in evidence copies of the proceedings of said Noah
previous to such sale.

The court held these proceedings insufficient to vest any
title, and ordered a verdict for the plaintiff for the amount
of the note and interest.   The defendants offered to show
that, for nearly fifty years, Chittenden had maintained the
undisputed control of these lands, so far as unoccupied lands
are susceptible of any control, and had, during all that time,
paid the taxes thereon, and that there was not now known
to be any other claimant to the same ; but the court consid-
ered the testimony of no importance, and rejected it.   The
defendants excepted to the decisions and judgment of the
county court.

*W. Upham* for defendants.

I. By the terms of the written contract, between the par-

Washington,
March,
1843.

Reed
v.
Field &
Briggs.

ties, made at the time this note was given, it was not to be put in suit until the title to the lands, mortgaged to Miller, had failed.

II. There had been no such failure of title as the contract contemplated, at the time the suit was commenced. Some effort should have been made by Miller to test the validity of Chittenden's title to the mortgaged lands, before calling upon the defendants for the payment of this note.

It appears from the case that there is now no known claimant to the lands, save Chittenden ; consequently, it cannot be said, we think, that his title has failed. It is as good now as it was when the note was given, and nothing has transpired since to show a failure of it. It must, therefore, for the purposes of this trial, be regarded as good. Nothing appears in the case to show that Chittenden would not have redeemed the lands if Miller had brought his bill of foreclosure.

III. It was not competent for the plaintiff in the court below, in this action on note, to attack the validity of Chittenden's title to the mortgaged lands, by calling the town clerk to show that it rested on the legality of Pearl's vendue. But if it were proper to take that course, the burden of proof was on the plaintiff.

IV. The proof offered by defendants in the court below, to show that Chittenden had for *fifty years* maintained the undisputed control of these lands, so far as unoccupied lands are susceptible of any control, and during all that time paid the taxes on them, and that there was not now known to be any other claimant, should have been admitted. *Ewing* v. *Burnet*, 11 Peters' R. 41.

V. Chittenden's title to the lands in question, derived from Noah Chittenden's deed, as sheriff and collector in 1789, is good and should have been sustained in the county court. It was not necessary for the defendants to show the proceedings of Noah Chittenden before the sale. The recital in his deed, that he had "in all things pursued the directions of the act" is, after the lapse of 54 years, *prima facie* evidence of the legality of his proceedings, and the *onus probandi* lies on the party resisting them to show their illegality. *Parker* v. *Bixby*, 2 Tyler's R. 446 ; *Hall* v. *Collins*, 4 Vt. R. 316, 326.

WASHINGTON,
*March,*
1843.

Reed
*v.*
Field &
Briggs.

VI. Failure of title to a part of the lands, mortgaged by Chittenden to Miller, will not enable him to recover on this note, if the title remains good to a sufficient quantity to secure his note against Chittenden. This note was given as collateral security for the Chittenden note, and if the security taken for that note remains good, this note should not be collected.

VII. There can be no recovery upon this note until some person shall lay claim to the mortgaged lands against the Chittenden title, and make good his claim before some court of competent jurisdiction.

VIII. Notice of the failure of title should have been given the defendants before the commencement of this suit.

*Heaton & Reed* and *L. B. Peck*, for plaintiff.

I. The correct construction was put upon the contract by the court below. The defendants were to be liable on the note at the expiration of two years, in case it turned out that Chittenden's title was valid. The parties could never have intended it should receive a different construction. If the defendants were not to be made liable on the note until the title to the lands should be settled against Chittenden by some legal adjudication, years must elapse before payment of the note could be enforced, as the lands are unoccupied, and the title could not be thus tested until possession should be taken by some person claiming *adversely.*

II. The payment of taxes had no tendency to show the title in Chittenden, especially when it was shown negatively that he had none.

III. The *recital* in the collector's deed, that he had pursued the requisitions of the statute in his previous proceeding, is no evidence of that fact. *Jackson* v. *Shepherd*, 7 Cow. 88 ; *Williams et al.* v. *Peyton's lessee*, 4 Wheat. 77.

The opinion of the court was delivered by

BENNETT, J. — Though the bill of exceptions in this case does not show to what decisions of the county court the defendants excepted, yet this, no doubt, was an inadvertence, and might be amended. We will, however, consider the questions raised on argument.

The written contract of the payee of this note, made at

Washington,
*March,*
1843.

———

Reed
*v.*
Field &
Briggs.

the same time with the note, and parcel of the same transaction, will qualify and control the rights of the parties on the note. Both instruments must be taken as parts of one transaction. By the written contract the defendants were not to pay this note, unless there should prove to be a failure of title in Chittenden in the lands which he had mortgaged to the payee to secure the debt for which the note now in question was given as collateral security. It could in no way be necessary, in an action on the note, that the plaintiff should show a want of such title by the judgment of a court of competent jurisdiction. If there was a failure of title in Chittenden this note was to be obligatory on the defendants.

All that could be necessary was, that it should appear on trial that there was a defect of title. This might as well be settled in the trial on the note as any other condition which was to affect the validity of a note.

As the county court held that the burden of proof was on the plaintiff to show the want of title in Chittenden, (of which the defendants have no reason to complain,) the testimony of the town clerk was competent to show that Chittenden had no title of record, except what rested on the Stephen Pearl vendue.

This would seem the only way in which the plaintiff could proceed to establish the negative.

The defendants rely upon the collector's deed, as showing title under the Pearl vendue in Chittenden, without showing a compliance with the requisitions of the statute relative to sales of this description. The recitals in the deed are not *prima facie* evidence of such compliance. This has long been well settled. The fact that the deed may have been of long standing, can make no difference in a case where there never has been a possession under such pretended title. The county court, we think, were well warranted in holding that, *prima facie*, there was no title in Chittenden. The evidence that Chittenden had paid taxes, &c, on the land, could have been of no avail. It constituted no act of possession, and did not tend to prove a possessory title, and of course was properly excluded.

     The judgment of the county court is affirmed.