DOE EX DEM. HOLMAN ET AL, vs. CRANE ET AL.

1. H. executes to B. his bond, on the face of which no consideration is expressed, conditioned to make him a quit-claim deed to certain lots of land in two years: on the same day, H. and B., who had for some time before been partners in the mercantile business, enter into an agreement, by which B. covenants to use his best endeavors for the term of two years to collect the debts due the firm, and to pay the debts due by it. *Held*—

    I. That under our statute the bond imports a consideration.

    II. That no reference being made in either instrument to the other, and the subject matter of each being entirely *different*, it cannot be intended that they are parts of one and the same transaction, and the covenant of B. the consideration of the bond.

2. Where the meaning of an instrument is to be collected from the writing alone, it is the province of the court to construe it, and to instruct the jury as to its legal effect.

## JUNE TERM, 1849.     571

Doe ex dem. Holman et al. v. Crane et al.

Error to the Circuit Court of Mobile. Tried before the Hon. John Bragg.

This was an action of ejectment brought by the plaintiffs against the defendants in error to recover certain real estate in the city of Mobile. The case was tried on an agreed state of facts, from which it appears, that the premises in controversy were once owned by Oliver Holman, deceased, the ancestor of the plaintiffs, who on the 29th September 1821, executed to Charles Brown a bond, conditioned to make him a quit-claim deed to one half the premises, at the expiration of two years, if the obligee should request him so to do: that before the expiration of the two years, said Holman died, and that Sarah Holman, his widow and the administratrix of his estate, under and by virtue of an act of the Legislature of Alabama, passed in 1823, conveyed to said Brown the other half of the said premises in consideration of the sum of $15,500 as expressed in the deed; and that said premises have since been conveyed by Brown to *bona fide* purchasers for valuable consideration, and that the defendants claim and hold possession under them. It further appears the said Holman and Brown were partners in the mercantile business, and that on the same day that said bond for titles was executed by Holman to Brown, they entered into articles of agreement, by which, after dividing the debts due the firm into two classes, Holman binds himself to bear one half the loss, that may be sustained in case of non-payment of the whole or any part of those included in the first class, and Brown covenants to use his best endeavours for the term of two years to collect said debts, and to divide equally between himself and Holman such as remained uncollected at the expiration of that time: to pay off and discharge, with certain specified exceptions, all demands then existing against the firm, and to indemnify and save Holman harmless against the debts contracted by him, Brown, on his individual account, but in the name of the firm. By this instrument the parties further agreed that the debts due the firm embraced in the second class should be divided equally, whenever any part should be collected, and Brown covenanted to collect them as speedily as possible and pay over to Holman one half of each of said debts so soon as he

should realize the same. The plaintiff agreed that the bond from Holman to Brown should be considered on the trial of this case as having all the effect that it would be entitled to receive in a court of equity, upon a bill filed against the plaintiffs, who are the heirs at law of Holman, for a specific performance, and that if, upon the matters set forth, the defendants would be entitled to a specific performance, according to the principles which prevail in courts of equity, then the bond shall be regarded, in this suit, as a legal title.

The court charged the jury, that the bond from Holman to Brown imported a sufficient consideration without other proof; that there was nothing contained in the covenants of Brown, nor the date of the agreement, from which they might infer that the covenants of Brown constituted the consideration of the bond to Holman; and that their verdict must consequently be for the defendants. To this charge the plaintiffs excepted and they now assign it as error.

Hopkins, for plaintiffs in error:

As both the bonds are dated on the same day the legal presumption is, they were both executed at the same instant. 1 Vesey, sr. 127, 132; Peacock v. Monk, 7 Mon. Rep. (Ky. Thos. B. Monroe) 345, 347. They are therefore part of the same contract, and *the bond of Brown was the consideration of the bond of Holman.*—1 Vesey, sr. 132; 7 Mon. Rep. 345, 347. Why were they made at the same instant if they were not part of one and the same contract? It does not appear that either was executed in duplicate; the part which is the evidence of Holman's rights was delivered to him, and the other part that is the proof of the claim of Brown was delivered to him. It is not necessary to create the legal presumption, that both bonds were made at the same instant, and therefore, parts of the same contract, that each relates to the same subject.—1 Vesey, sr. 132; 7 Mon. Rep. 345, 346. In the first case, the bond relates to a sum of money, and the will to a residuary legacy, which did not include the sum of money. In the case in Monroe's Rep. the *bond* of Aldridge was for the payment of a specified amount of money, payable in merchandise or whiskey, and *the bond* of Wood, the obligee in the bond of Aldridge, was in a penalty, with condition to do work speci-

Doe ex dem. Holman et al. v. Crane et al.

fied in the condition. The work was to be done by the first of March 1800, and the bond of Aldridge was payable the first of July 1800. One bond was held to be the consideration of the other. The presumption on which this conclusion is founded is decisive of the fact in the absence of all other evidence than the two instruments.—7 Mon. Rep. 347; 1 Ves. sr. 132. Why did Holman make a bond binding him to make a deed to Brown within *two years*, if Brown *should request*, if Brown at the date of the deed had done on his part what the contract for the land required him to do, to give him a right to a conveyance of the legal title ? If Brown had previously paid the consideration, the deed would have been made in his favor by Holman, instead of his bond, and at the the date of it. There is no other evidence of any consideration that Brown agreed to give for the land than what his bond in favor of Holman affords. The first covenant in his bond binds him to pay the debts due from the firm of Holman & Brown, and to collect, if he could by the use of his best efforts, the sum of $4870 59 within the term of *two years*, due to the same firm ; but if any part of said sum could not be collected within that term, by the use of due diligence, Holman agreed to bear the loss of one half of the uncollected sum, and the notes that could not be collected within the term were to be equally divided at the end of it, between Holman & Brown. The effect of this covenant entitles Brown to the whole of this sum, if it could be collected within the two years, and to the full amount in any event at the end of the two years, as Holman was then bound to pay to Brown one half of the sum that could not be collected, and the other half of any such sum would in effect be in Brown's own hands, as he was bound to supply it. Why did this covenant entitle Brown to the whole of this amount at the end of two years, the same time at which Holman's bond bound him to make a deed for the land to Brown, if he should request? The answer is obvious, and but one can with propriety be made; the consideration of the bond to make title was the covenant of Brown to pay the debts and collect and pay promptly to Holman half of the debts collected of the last class mentioned in the covenant, and the consideration of the covenant of Brown to pay the debts of the firm and make the collections, was the

bond to make title, and the covenant of Holman, that the debts to said amount should belong to Brown, and that at the end of two years he should be in the receipt of one half that amount. If all the covenants in both bonds were contained in either, no one would contend that Brown or his assignee would be entitled to a specific performance without proof that he had paid the debts of the firm and used due diligence to collect the debts mentioned, and paid over the share of such of the last class of debts due to the firm as Holman was entitled to, and promptly as his covenant required. The leading modern rule in the construction of covenants so as to ascertain whether they are dependent or independent, is the intention of the parties.—7 Pike, 138.

According to the agreement in this case, the plaintiffs were to have a right to recover the land embraced by the bond for title in the event only that the effect of the agreed case would entitle the defendants in a court of equity to a specific performance. It is too well settled to render a reference to authorities necessary, that a specific performance will not be decreed without satisfactory proof that the vendee had complied with his part of the contract, and at the time he bound himself to do so.—4 Porter, 297, 374.

The case in 2 Ala. Rep. of Bates & Hines v. The Bank of Alabama 451, does not appear to be a judgment upon the point, whether two instruments, made on the same day, are to be considered as one, in the construction of the contract of the parties. The judgment was on a demurrer to a plea, in which the defendants set up a written contract between them and the bank, and alleged the bills of exchange upon which they were sued were made by them upon that written contract and in the execution of it. The bills and the contract bore the same date. The court below sustained the demurrer, and the judgment was affirmed by this court, by two Judges against Judge Goldthwaite, who dissented. Judge Ormond did not discuss the question as to the effect of the execution of all the instruments at the same time, the Chief Justice did, but it does not appear that Judge Ormond agreed in what was said upon the point. For the plea, the contract and its date, and the bills and their date, see 2 Ala. Rep. 456. These were all construed together by all three of the Judges,

Doe ex dem. Holman et al. v. Crane et al.

although the contract does not refer to the bills, nor *do the bills refer to the contract.* The effect of what was thus actually done by the court is in favor of the position of the plaintiffs in error. Without acting upon the principle, that the execution of the contract and bills at the same time was presumptive evidence that they were all parts of the same contract, the court could not have made the decision it did. The plea avered that the contract was made before the bills.—2 Ala. Rep. 457. But the court determined that the bills were made first.—Ib. 480. See also 477, 478.

HAMILTON, for defendants in error:

This case was tried by agreement upon the equitable as well as legal titles, and the condition of the present case differs from that in 12 Ala. 373, *only* by the introduction of those articles in proof to the court. Should they operate to change the decision? We think not. The bond of Holman to Brown imports a sufficient consideration.—12 Ala. Rep. 412-3. The articles of agreement between Brown and Holman, have nothing on their face to do with the bond; neither instrument refers directly or indiretcly to the other. Each is complete by itself—by itself capable of being construed and fully carried into effect, and gives no intimation of the existence of the other—should they be presumed to be parts of the same transaction? The only similarity, or connection to be found is in their bearing the same date, and executed by the same parties. I submit to the court, that no presumption of connection is to be indulged resting on so slight foundation. The subject matter of the two is not the same—the bond is for the conveyance of *real estate.* The articles of agreement *relate to the proportion of gain and loss to be shared by the parties in certain debts and accounts, and certain mercantile transactions*—besides the articles also *contain mutual covenants to be performed* by the parties, that are dependent, and *may well be deemed considerations for each other;* and there is not the slightest foundation for any presumption of connection outside of the facts of parties and dates being the same. But that is not enough, (see Cornell v. Todd, 2 Denio's Rep. 130,) something more is necessary. In the case in Denio, there was a greater reason for the presumption—the deeds were both for real estate; the

Doe ex dem. Holman et al. v. Crane et al.

tracts of land were adjoining, and an exception of a portion of the land described in one deed was of a part of the land described in the other—both deeds were between the same parties, and of the same date, yet the court repudiated the conclusions sought to be established from these points of connection.—2 Denio 130. The defendant insists there is no rule, commanding these two instruments to be regarded as parts of the same transaction. A necessary element to be found in the instruments before any such presumption can be indulged is, that *the subject matter* of the two must be the same.—See language of this court, 1 Ala. Rep. 32, Sewall v. Henry. See also language and authorities cited by the Chief Justice, in 2 Ala. Rep. 482: "Several writings, *made at the same time, between the same parties, and relating to the same subjects &c.* constitute," &c. See also the facts and the reason of the courts where the presumption has been permitted.—1 Burrows Rep. 60; 1 Johns. Cases, 95; 15 Johns. Rep. 463; 3 Wend. Rep. 233; 1 Hill's Rep. 601. In all these cases, the identity of subject matter was the controlling circumstance, and that being wanting, and no reference in the deed to each other existing, the rule was held not to apply in the case. 2 Denio Rep. 130. The case cited by plaintiff in error, 7 Monroe, seems to be an exception, and with all respect, seems not sustainable. The intimations thrown out in 2 Ala. 482, and 9 Ala. 32, by this court, carry far more weight, both inherently, from the reason of the thing, and on the ground of authority. The case in 1 Vesey, sr, 127, was a case where the chancellor acknowledged, the court would make *nice distinctions* in favor of creditors.

COLLIER, C. J.—The material questions in this case are whether the bond of Oliver Holman of the 29th September 1821, by which he undertook to give to Charles Brown a *quit claim deed* to certain lands in the city of Mobile, " to be executed in two years from date, if said Charles request," and an agreement of the same date, signed and sealed by both parties, containing reciprocal covenants in respect to their partnership interests, &c., are parts of the same transaction; and whether a specific execution of the condition would be enforced without proof on the part of the obligee, that he had performed any or all the covenants for which he stipulated?

## JUNE TERM, 1849. . 577

Doe ex dem. Holman et al. v. Crane et al.

It has been so often decided as to be now a settled rule that several instruments in writing made at the same time, between the same parties, and relating to the same subject, constitute but one agreement, and such a priority in their execution will be presumed as will best effect the intent of the parties.—Stephens v. Baird, 9 Cow. Rep. 274; 1 Fonb. Eq. 436, 5th edit.; Montague v. Tidcombe 2 Vern. Rep. 519; Lawrence v. Blatchford, 2 Vern. Rep. 457; Newhall v. Wright, 3 Mass. Rep. 138; Fowle v. Bigelow, 10 Mass. Rep. 379; Hopkins v. Young, 11 ib. 302; Hunt v. Livermore, 5 Pickens Rep. 395; Sibley v. Holden, 10 ib. 250; Makepeace v. Howard College, ib. 302; Rogers v. Kneeland, 13 Wend. Rep. 114; Bates & Hines v. The Bank of Ala. *per Collier C. J.* 482; Adams v. Hill, 4 Shep. Rep. 215; Duncan v. Charles, 4 Scam. Rep. 561; Strong v. Barnes, 11 Verm. Rep. 221; Reed v. Field, 15 Verm. Rep. 672; Sewall v. Henry, 9 Ala. Rep. 24.

In Aldridge v. Birney & Co. 7 Mon. Rep. 347, it was held that the date and subscribing witnesses to two several writings being the same, it may be inferred that one was the consideration of the other. So where the two instruments are of the same date, between the same parties, and that executed by the complainant is avered in the answer of the defendant to be the consideration of his contract, in the absence of all proof of any additional or different dealings between the parties, the presumption is fair, that one was executed in consideration of the other.—Campbell & Davis v. Harrison, 3 Lit. Rep. 294. See also Johnstone v. Gwathmey & Co. 4 Lit. Rep. 319.

Dillingham v. Estill, 3 Dana's Rep. 21, was an action for the breach of a warranty of soundness contained in a bill of sale of two slaves, to which it was pleaded, that the following writing, viz: "I, Benjamin Estill, release said Dillingham from any responsibility of said negroes, as witness my hand, Benjamin Estill,"—was executed simultaneously with the bill of sale, and was an integral part of the contract of sale, and was intended to operate as a defeasance of warranty. It was objected that the writing pleaded could not be connected with the bill of sale by parol testimony, or by averment merely. The court said, "it has been decided that one writing cannot be connected with another, unless it in some way re-

578 . ALABAMA.

Doe ex dem. Holman et al. v. Crane et al

fers to it. But if that here relied on was contemperaneous with the bill of sale, it can be understood as refering to it, without any parol proof. For surely, if a vendor of slaves makes a bill of sale with warranty, and *at the same time*, the vendee delivered to him a writing, stipulating that he should not be responsible for "the *said negroes*," the latter agreement might, without any extraneous proof, be understood to refer to the former, and to mean that the vendor shall not be responsible on his formal warranty. It would not be inconsistent with either of the writings, or with any rule of evidence, to prove that they were given at the same time; and indeed as that given by the appellee has no date, the fact of identity as to date is far from being intrinsically improbable. Then the fact being sufficiently avered in the plea, is admitted by the demurrer." It is not only allowable to show that the writings were made at the same time, but the circumstances under which they were made, that it may be seen whether they evidence parts of an entire transaction, or what, if any connection, exists between them. Heywood v. Perrin, 10 Pick. Kep. 228; Etting v. The Bank of the U. S. 11 Wheat. Rep. 59; 3 Phil. Ev. C. & H. notes 1420; Wilson v. Troup, 2 Cow. Rep. 195; Sumner v. Williams, 8 Mass. Rep. 214; Fowle v. Bigelow, 10 Mass. Rep. 379; Hopkins v. Young, 11 Mass. Rep. 302; Howland v. Leach, 11 Pick. Rep. 154; Hollingsworth v. Fry, 4 Dal. Rep. 345.

True, the bond executed by Holman and the agreement of Brown and himself, both bear the same date and are attested by the same witnesses, and perhaps if the case of Aldridge v. Birney be recognized as settling a principle of *universal application*, we should be compelled to infer a connection between them, and that one of the writings was the consideration for the other. We, however, think that that case cannot be supported, if we correctly understand it. The same court in the subsequent case of Dillingham v. Estill do not assume that the *simultaneousness* of the date authorised the inference that the *subject matter* was identical; while the connection was fairly inferable from the face of the writings, it is distinctly acknowledged, "that one writing cannot be connected with another, unless it in some way refers to it."

The bond undertaking to give a *quit-claim deed* to one half

of certain lands which the obligor had purchased in Mobile, makes no reference, directly or indirectly, to any other agreement or transaction between the parties; and it cannot be infered from the subject-matter of each that they are in any manner connected—it would be a mere arbitrary assumption, resting upon no certain foundation.   But even conceding that both instruments were consequent upon the parnership dealings of the parties to them, and does it follow that the performance of Brown's covenant in respect to the collection of certain notes and accounts, or of any other duty devolved upon him by the agreement, formed any part of the consideration for Holman's bond, or was a condition connected with the execution of the deed?   We think not.   Such may have been the intention of the parties; but it would be too much, in the absence of *extrinsic evidence*, to assume it as a *legal conclusion.* The omission of the recital of the consideration which induced the execution of the bond, does not impair the obligation, or impose upon the obligee the necessity of proving it by evidence *aliunde*—if the consideration is not impugned, it will be intended to be sufficient.   This precise question was thus determined upon the bond now before us, after an examination of our act of 1811 in respect to writings as evidence, in The Heirs of Holman et al. v. The Bank of Norfolk, 12 Ala. Rep. 369.   It is not therefore incumbent upon the party claiming under the bond to sustain it, until it is assailed.   The opposite party produced no evidence to show the inducements to its execution, and we have already said that the bond and agreement did not *per se* establish their connection, so as to require the obligee to prove a performance of his covenants to entitle him to the deed, which the obligor undertook to " give."

It is argued for the plaintiff, that as Holman undertook by his bond to execute the *quit claim deed* to Brown *in two years, if requested,* and Brown stipulated by his agreement " to use his best endeavors to collect" certain notes and accounts "due to the firm of Holman & Brown, for the term of two years"— after which time the uncollected balance was to be divided between H. & B., it must be inferred that this covenant of Brown was the consideration for the bond by Holman.   This argument is founded upon the fact that the limitation as to the time when the parties were to perform their respective en-

580            ALABAMA.

Doe ex dem. Holman et al. v. Crane et al.

gagements is identical; and that the covenants being to be performed at the same time, neither can maintain an action without showing a performance of, or an offer to perform, or at least a readiness to perform his part.—Platt on Cov'nts, 106. If the two writings could be connected as the argument supposes, perhaps the legal conclusion would follow. But as the subject-matter and apparent object is dissimilar, and neither refers to the other in terms, or by obvious implication, we cannot intend that they evidence a single transaction. It would be too much to assume that in making the time when the writings could be enforced the same, it was intended to make the respective stipulations of the parties dependent upon each other.

It may be admitted that where the effect of written instruments depends not merely on their construction and meaning, but upon collateral facts *in pais* and extrinsic circumstances, the inferences of fact to be drawn from them should be left to the jury—"an admixture of parol with written evidence draws the whole to the jury."—Etting v. The Bank of the U. S., 11 Wheat. Rep. 59; 3 Phil. Ev., C. & H.'s notes, 1420; Sewall v. Henry, 9 Ala. Rep. 24. Where, however, the meaning is to be collected from the writing, without the aid of extrinsic proof, it is the province of the court to construe it.—*Ib.* In the present case there was no evidence *aliunde* shewing under what circumstances the writings were executed, or which could in any manner vary their interpretation. It was then the duty of the court to determine their effect from what appeared on their face, and there was no inquiry of fact which should have been referred to the jury.

As then there was no extrinsic evidence to establish the connection of the writings, it would have been competent for a court of equity to have enforced a performance of the stipulation of the bond; and there is consequently no error in the second charge to the jury. The question arising upon the first charge has not been pressed at the bar, and we understand it was decided in The Heirs of Holman et al. v. The Bank of Norfolk, 12 Ala. Rep. 369, in conformity with the ruling of the Circuit Court. The judgment is therefore affirmed.

Dargan, J., not sitting.