. SHEPHERD *et al.*, *Plaintiffs in Error*, v. JENKINS.

**Assignment of Patent Right:** FAILURE OF CONSIDERATION. An instrument was drawn in the following form : " We hereby sell, assign, transfer and set over unto S. & H. all our right, title and interest in and to a certain invention known as the Askin Rotary Smoothing Iron, in the following territory, viz : * * to be held and enjoyed by the said S. & H. * * to the full end of the term of patent for which said deed is granted." *Held*, that this was an asignment of the right to vend the invention within the prescribed territory, and was not a mere release or quit-claim of the assignor's interest ; that it implied that a patent had been issued in due form, and if such were not the fact, then there was a failure of consideration entitling the assignees to recover the money paid.

*Error to Linn Circuit Court.* — HON. GEO. D. BURGESS, Judge.

REVERSED.

· *Geo. W. Easley* and *A. W. Mullins* for plaintiffs in error.

By the terms used in the assignment defendants affirmed and warranted to plaintiffs that the alleged invention had been duly patented, and that defendants were the owners thereof with respect to the territory specified. Curtis on Patents, (4 Ed.) §§ 167, 178, 182, 184 ; 1 Abb. U. S. Prac., (3 Ed.) 274 ; U. S. Rev. Stat., § 4898 ; 6 Cent. L. J., 53 ; Benjamin on Sales, (2 Am. Ed.) §§ 631, 632 ; *Strong v. Barnes*, 11 Vt. 221 ; 2 Story on Contracts, (5 Ed.) § 1062 and note 3 ; *Defreeze v. Trumper*, 1 Johns. 274 ; *Swett v. Colgate*, 20 Johns. 203 ; *Rew v. Barber*, 3 Cow. 272, 280 ; *Murray v. Judah*, 6 Cow. 484, 491 ; *Chancellor v. Wiggins*, 4 B. Mon. 201 ; *Smith v. Fairbanks*, 27 N. H. 521 ; 2 Cooley's

Blackstone, marg. p. 165 and note 18. There being no patent, there was a total failure of consideration, entitling plaintiffs to recover the money they had paid. 2 Black. Com., 451; *Mockbee v. Gardner*, 2 Harris & Gill 176; *Ritchie v. Summers*, 3 Yeates, (Pa.) 542; *Coolidge v. Brigham*, 1 Met. (Mass.) 547; *Smith v. McNair*, 19 Kas. 330.

*C. W. Bell* and *Dobson & Huston* for defendants in error.

There was no fraud and no relation of trust or confidence, entitling plaintiffs to recover. *Glasscock v. Minor*, 11 Mo. 655; *Owens v. Rector*, 44 Mo. 390; *Morse v. Rathburn*, 49 Mo. 91; *Dunn v. White*, 63 Mo. 181; *Dulaney v. Rogers*, 64 Mo. 201. The thing sold is a mere incorporeal right, the right to vend something, and is incapable of physical possession. There is, therefore, no implied warranty of title. Such warranty arises only in the case of the sale of chattels in possession of the seller. *Whitney v. Heywood*, 6 Cush. 86; *Huntingdon v. Hall*, 36 Me. 501. The sale was a mere quit-claim of the vendee's interest. *Sherman v. Champlain Trans. Co.*, 31 Vt. 162; *Peltier v. Collins*, 3 Wend. 459.

NORTON, J.—This is a suit to recover the sum of $1,000 alleged to have been paid by plaintiffs to defendants for a patent-right for an "improved self-heating smoothing-iron," known as the "Askin Rotary Smoothing-iron," and the right to sell such invention in certain territory in the State of Missouri. Among other things, it is alleged in the petition, as a ground of recovery, that the pretended invention, or patent-right, sold by defendants to plaintiffs, was never patented by the United States, and that the consideration for which said money was paid had wholly failed. All the allegations of the petition were traversed by the answer of defendants. On the trial, plaintiffs introduced evidence tending to prove that said invention had never been patented by the government, and closed his case;

whereupon the court, against the objections of plaintiffs, instructed the jury that under the evidence plaintiffs could not recover. This action of the court is the chief error complained of.

The assignment of the patent read in evidence, is as follows:

Know all men by these presents: That, whereas A. J. Jenkins and J. F. Sibert, of the county of Linn and State of Missouri, have this day sold all their right, title and interest in and to a certain invention known as the Askin Rotary Smoothing-iron. And whereas W. C. Shepherd and Able Harding are desirous of obtaining an interest therein, and that for and in consideration of the sum of $2,000 to us in hand paid by the said Shepherd & Harding, we duly sell, assign, transfer and set over unto Shepherd & Harding all our right, title and interest in and to the above described invention, in the following territory, to-wit: All counties in the State of Missouri south of the Missouri river, including and east of the counties of Cole, Osage, Maries, Phelps, Texas and Howell, and in no other place or places, the same to be held and enjoyed by the said Shepherd & Harding for their own use and behoof, and for the use and behoof of their legal representatives, to the full end of the term of patent for which said deed is granted, as fully and entirely as the same would have been held and enjoyed by us had this agreement not been made. In testimony whereof, we have hereunto set our hands and affixed our seals this 10th day of September, A. D. 1873.

A. J. JENKINS. [SEAL.]
J. F. SIBERT. [SEAL.]

We think it clear from this assignment that plaintiffs intended to buy, and defendants to sell the right to vend, within the prescribed territory, an invention which had been patented, and the assignment of territory in which the right to sell was to be exercised, is something more than

a mere release or quit-claim of defendants' interest, and is to be regarded as implying that a patent in due form had been issued by the officers of the government. Curtis on Patents, § 184; 6 Cent. L. J., 53; *Strong v. Barnes*, 11 Vt. 221. If, as the evidence tended to show, no patent (which was the thing sold) had ever issued, then the thing sold had no existence, and there was a total failure of consideration, and plaintiffs, on this ground, were entitled to recover. Judgment reversed and cause remanded. All concur.