## CUMMINGS' HEIRS, ET AL. v. GILL'S HEIRS.

1. When upon a sale of land by parol, a considerable part of the purchase money is paid, and the vendee let into possession, who makes improvements, a court of chancery will decree a specific performance, at the suit of the vendee against a creditor of the vendor, upon the payment of the residue of the purchase money.

2. Although it cannot be demanded as a right, the chancellor may, in his discretion, at any time before the decree, permit a formal amendment to be made to the bill. An amendment relating to the price alledged to be given for lands, when it can be considered a clerical mistake, is of that character.

3. No decree, except for costs, can be made in favor of a defendant upon his answer. If he seeks relief he must do it by a bill of his own.

ERROR to the Chancery Court at Talladega.

The bill was filed by the ancestor of defendants in error for the specific performance of a verbal contract for the sale of land. The bill alleges the purchase of a tract of land from the deceased, which is particularly described, at the price of $650; of which sum, $481 was paid down, and a credit given on the residue of one and two years. There was no written evidence of the contract. That he was let into immediate possession, and has held it ever since, having made valuable and lasting repairs to the property. That Cummings, the vendor, has departed this life, leaving a widow and six children, without having made title.

The bill further charges, that one McGehee has obtained judgments against Cummings, and levied them upon the lands so purchased by him; and prays a specific performance of the contract; and that the heirs of Cummings be decreed to make him a title, &c.

The defendant, McGehee, answers, and from information, denies the material allegations of the bill. The other answers need not be here stated.

Many depositions were taken on both sides, which are rendered unnecessary to be here stated by the opinion of the court.

Two of the depositions, those of T. Yeatman and M. Vice, were objected to at the hearing, because there was no notice on the files of the time and place of taking them; but they were ad-

mitted by the chancellor, because the commissioner certified that legal notice was given. He also admitted the deposition of the widow of the vendor, but did not consider it in his decision.

After the evidence had been heard, the chancellor permitted the complainants to amend the bill where it stated the amount of the purchase money in dispute, so as to make it correspond with the amount proved by the witnesses.

The chancellor, upon the proof, considered that the complainants were entitled to a specific performance, and decreed accordingly; and also decreed, that the balance of the purchase money, $216, be paid to the estate of Cummings.

From this decree, the defendant, McGehee, appealed to this court; and now assigns for error—

1. The court erred in not sustaining the demurrer to the bill.

2 In not dismissing the bill.

3. In admitting the depositions of Meredith Vice and Sarah Cummings.

4. In permitting the plaintiffs to amend their bill after publication.

5. In decreeing a specific performance.

6. In the decree made.

WM. B. MARTIN, for plaintiff in error. The court certainly erred in the admission of the depositions of Vice and Yeatman, as there was no proof of notice; and in permitting an amendment of a material allegation of the bill after publication of the depositions, and whilst the cause was being heard. [3 J. C. R. 423; 4 id. 170, 368; Milford's R. 258.]

The court also erred in decreeing the purchase money unpaid to the estate of Cummings, when it should should have been decreed to McGehee, as it was shown that the estate of Cummings was insolvent.

Courts will not, at this day, allow new causes for taking contracts out of the statute of frauds, and will not overstep the adjudged cases. [1 Bibb, 204; 3 id. 2; 2 Stewart, 21; 15 Johns. 503.]

BOWDON, contra. It is not important to consider whether the testimony objected to was or was not properly admitted, because

the testimony is ample without that evidence to establish the allegations of the bill.

The amendment of the bill, which the court permitted, was merely formal; and such amendment the chancellor may, in his discretion, allow after publication. [Story's Eq. Pl. 683; Clay's Dig. 351, sec. 37; 2 Bibb, 169; 1 Brack. 119; 3 Mumf. 477; 5 id. 308; Litt. S. C. 201; 6 Wend. 638; 2 P. Wms. 424; 12 Vesey 48, 174.] The view here taken does not conflict with the case in 3 Ala. Rep. 160.

Upon the merits of the case, he referred to 4 Bibb, 317; 4 Ala. 712; 1 J. C. R. 273, 149; 4 Porter, 297, 374; 14 Vesey, 386; 2 Strange, 783; 4 Blackfords, 383; 2 Story's Eq. 62, 75]

ORMOND, J.—Without considering the testimony of the witnesses, which were objected to, it appears from the other testimony in the cause, that upon a verbal contract for the sale of land, the vendor, upon the receipt of a large part of the purchase money, put the vendee in possession of the land, who has ever since retained it, and made improvements, &c. This has always been considered, in this State as well as elsewhere, such a part performance of the contract, as would take the case out of the influence of the statute of frauds, and authorize a court of chancery to decree a specific execution of the contract.

The permission granted by the chancellor to the complainant, to amend the bill after publication of the testimony, cannot be reviewed in this court. The amendment which the chancellor permitted, relating to the price to be given for the land, was not, it is true, a matter of right at that stage of the cause. It was at most, however, in the nature of an amendment of a clerical error, which the chancellor might permit to be made at any time before a decree was rendered.

There was no error in the court decreeing the residue of the purchase money to the heirs of the vendor. If the defendant, McGehee, set up any claim to money due from the estate of Gill to the estate of Cummings, he should have asserted his title to it by a cross bill. Upon the bill filed by Gill, no decree can be made in favor of McGehee. A defendant cannot, by answer, pray any thing but to be dismissed the court; if he has any relief

to pray, he must do so by a bill of his own.  [Cullum v. Erwin, 4 Ala. 452.]

From this examination, it appears there is no error in the decree of the chancellor; and it is, therefore, affirmed.