## Moore v. Faggard et al.

51 525
d114 576

51 525
138 427

*Bill in Equity to establish Equitable Set-off against Judgment at Law.*

*Equitable set-off against judgment; diligence required of plaintiff.* — The defendant in a judgment at law, rendered by default, in favor of a partnership, cannot have relief against it in equity, on the ground that the plaintiffs were in fact not partners, but joint creditors, who were insolvent, and against whom he had separate debts, unless he shows some sufficient reason why he failed to defend at law, or to invoke the aid of equity before judgment.

APPEAL from the Chancery Court of Hale.

Heard before the Hon. A. W. DILLARD.

The bill in this case was filed, on the 4th July, 1873, by Mark D. L. Moore, against R. D. Faggard, Wiley Reed, and Henry Lavender, and sought to enjoin a judgment, which the said defendants, suing as partners under the firm name of R. D. Faggard & Co., had recovered against the said Moore, in the circuit court of said county, on the 3d April, 1873. The judgment was by default, and was founded on a contract for work and labor done by the plaintiffs for said Moore in building a house in Newbern. The bill alleged, that the said defendants were not in fact partners in building the house, though they were jointly and equally interested in the contract; that the complainant, while they were engaged in doing the work, furnished provisions and materials to each of them, on the faith and credit of his interest in the contract, for which several amounts they were separately indebted to him, and that each of them was insolvent. The chancellor sustained a demurrer to the bill for want of equity, because the complainant showed no reason why he had not defended the action at law, or filed his bill before the rendition of the judgment; and his decree is now assigned as error.

W. & J. WEBB, for appellant. — 1. The complainant could not have asserted his defence at law. Waterman on Set-off, 262; *Pierce & Baldwin* v. *Pace & Co.*, 1 Porter, 232; *Taylor* v. *Bass*, 5 Ala. 111; *Sheppard* v. *Shelton*, 34 Ala. 657.

2. The mutual credits existing between the parties, and the insolvency of the plaintiffs in the judgment, both of which facts are admitted by the demurrer, make a clear case for

[Moore v. Faggard.]

equitable relief. 2 Story's Equity, §§ 888, 1435, 1437 ; Kerr on Injunctions, 67, § 6 ; *White v. Higgins*, 32 Ala. 425 ; *Railroad Co. v. Rhodes*, 8 Ala. 221; *French v. Garner*, 8 Porter, 549; *Lindsay v. Griffin*, 2 Paige, 582.

COLEMAN & SEAY, *contra*. — The defendant in the action at law might have denied the partnership by a sworn plea. Rev. Code, § 2684; *Bell v. Rhea, Conner, & Co.*, 1 Ala. 83. His failure to do so was gross negligence, and the judgment concludes him. *Bell v. Crosby*, 4 Ala. 575. The fact of the partnership being conclusively established, the bill shows no ground for equitable relief. Waterman on Set-off, 428, § 383 ; *McKinley v. Winston*, 19 Ala. 301 ; 2 Blackf. 349 ; 6 Paige, 220 ; 4 John. Ch. 11 ; 2 Sumner, 409 ; 5 Mason, 201 ; 7 Conn. 221 ; 3 Md. Ch. Dec. 65. As to the failure to defend at law, see, also, *Pearce v. Montgomery Iron Works*, 32 Ala. 68 ; *Nelms v. Prewitt*, 37 Ala. 390 ; *Taliaferro v. Br. Bank at Montgomery*, 23 Ala. 755 ; *McCollum v. Prewitt*, 37 Ala. 572.

B. F. SAFFOLD, J. — The appellant, in his bill, alleged that the appellees, suing as a partnership under the firm name of R. D. Faggard & Co., had recovered a judgment by default against him for work and labor done in building a house. He claimed that they were not partners, but joint creditors of himself, and that they separately owed him accounts nearly or quite equal to the amount recovered by them, and were insolvent. The chancellor, on demurrer for want of equity, dismissed the bill, because he showed no reason why he had not applied for relief before the rendition of the judgment, which now estopped him from denying the partnership of the defendants.

It is not at all improbable that the complainant might have had a case for equitable relief, if he had applied for it before the judgment at law. A joint debt may in equity be set off against a separate debt, where there is a clear series of transactions, establishing that there was a joint credit given on account of the separate debt. 2 Story's Eq. Jur. § 1437. But the individual debt of a member of a partnership is not a set-off to a debt due the partnership. *Pierce & Baldwin v. Pass & Co.*, 1 Port. 232. It is possible it might be in equity, if it were shown that the partnership was not insolvent, and that the individual member was. But no such state of facts is alleged in the present bill.

Where a party, after judgment at law, seeks its injunction, on grounds known to him before, he must repel negligence, or want of diligence on his part. He ought not to let the suit at law proceed to judgment, when he knows he has an equitable

[Small v. McCalley.]

defence against it. He is especially not entitled to relief after judgment, when that judgment, rendered by a court of competent jurisdiction, establishes facts preclusive of his right to relief. Such judgment is as conclusive as any other, and can only be set aside on the ground of fraud, accident, or the act of the opposite party. Brickell's Dig. p. 666, § 376 ; *Isbell* v. *Morris, Bell, & Co.*, 1 Stew. & Port 41 ; *McCollum* v. *Prewitt*, 37 Ala. 573. The complainant assigns no reason whatever why he suffered the judgment to go against him.

The decree is affirmed.

NOTE BY REPORTER. — The appellant's counsel having filed an application for a rehearing, the following opinion was delivered in response to it.

B. F. SAFFOLD, J. — The legal defence, which the appellant lost by neglecting to defend the suit at law, is the *non-partnership*. The partnership of the plaintiffs in that suit is now established against him, by the judgment of a court of competent jurisdiction, and he has nothing to say why he suffered it to be done. The allegation of the bill, that the plaintiffs in the action at law were each equally interested, and entitled to receive one third of the price of doing the complainant's work, is not equivalent to an averment that the partnership owed no debts of any description to anybody.

A rehearing is denied.