# Hooper & Nolen *v.* Birchfield.

*Bill in Equity for Injunction.*

1. *Injunction of proceedings at law; can be maintained only by interested party.*—A bill to enjoin proceedings at law can be filed only in the name of one of the parties interested in said proceeding.

[Hooper & Nolen v. Birchfield.]

2. *Same; bill should be filed before judgment rendered.*—A defendant in an action at law who has an equitable defense, of which he is at the time of the trial of said suit at law appraised should not wait until judgment is rendered in said suit before applying to a court of equity for relief by injunction.

3. *Mortgages and mortgagors; effect of conveyance of land.*—Where upon default in the payment of a mortgage, the mortgagor executes a deed conveying said lands to the mortgagee, in payment of the mortgage indebtedness, which deed was invalid as a conveyance of said lands and after the execution of said deed the mortgagees conveyed said lands by warranty deed to sub-vendees, the mortgagees can not maintain a bill against the original mortgagor to foreclose the mortgage upon the ground that the deed was invalid, and, therefore, the mortgages were still in force; said mortgagees having parted with all their interest in the mortgage by the execution of a warranty deed to the purchasers from them.

APPEAL from the Chancery Court of Tallapoosa.

Heard before the Hon. RICHARD B. KELLY.

The bill in this case was filed by the appellants, Hooper & Nolen, against the appellee, P. F. Birchfield. It was alleged in the bill that the defendant, Birchfield, executed to the complainants two mortgages to secure an indebtedness due from said Birchfield to the complainants, by reason of the fact of complainants paying the purchase price of the lands included in said mortgage at Birchfield's request; that after the execution of said mortgage and upon Birchfield making default in the payment of the indebtedness secured thereby, Birchfield, in accordance with a proposition made by him, executed and delivered to the complainants a deed to the said lands; that said deed as made by said Birchfield was invalid and void, by reason of the fact that it was signed by his making his mark and was attested by only one witness, and by reason of the further fact that the separate acknowledgment of the wife of said Birchfield was not sufficient to pass title to lands composing his homestead, which said lands did; that under said deed the complainants went into possession of the lands and surrendered to said Birchfield the mortgages which had been given by him to them; that they

[Hooper & Nolen v. Birchfield.]

continued in possession of said lands a year or more, when they sold the same to H. A. Lamberth and W. A. Jones executing separate deeds to each of them for the lands so purchased; that subsequent to the sale of said land to Lamberth and Jones, the said Birchfield brought a suit in ejectment·against the said Lamberth and Jones to recover the possession of the lands and also recovered damages for the rent of said land. It was then further averred in the bill that Birchfield paid nothing to the complainants on the said mortgages, and that said mortgages were surrendered to him in consideration of his executing the deed above referred to, and which was subsequently repudiated by him; and that other than by the execution of said deed, said Birchfield has never paid or satisfied said mortgages; that they took said deed from Birchfield in good faith in settlement of the debts and surrendered to him said mortgages.

The prayer of the bill was that a writ of injunction be issued restraining said Birchfield from taking possession of the lands under his judgment recovered in the suit by him against H. A. Lamberth and W. A. Jones, and that he also be enjoined from collecting the rents adjudged to him in the judgment of said action of ejectment, and that a decree be rendered foreclosing the mortgages which had been given by Birchfield to complainants to pay the amount found to be due after account stated between the complainants and the defendant.

On the final submission of the cause on the pleadings and proof, the chancellor rendered a decree dissolving the temporary injunction, which had been issued, and dismissing the bill.

From this decree the complainant appeals and assign the rendition thereof as error.

W. M. LACKEY, KNOX, DIXON & BURR and J. M. CHILTON, for appellants.—This bill can be maintained by the grantor of real estate with covenants of warranty.—1 High on Injunctions, (3d ed.), pp. 136-137, § 247; McCullough v. Hollingsworth, 27 Indiana, 115.

The complainants in the original bill, on account of

[Hooper & Nolen v. Birchfield.]

their warranty, stood in the position of sureties; and a surety may file a bill in chancery and enjoin a judgment at law against their principal and set up equitable defenses, and having an interest therein are proper parties plaintiff.—1 High on Injunctions, *supra:* 10 Ency. p. 892; *Johnson v. Christian,* 128 U. S. 374; 1 Beach on Injunctions, 651.

It may be that Jones and Lambert should have been made parties to the bill, but this could only be raised by demurrer, and if not raised is waived.—10 Ency. of Pleading & Practice, 894-895; *Tindal v. Drake,* 51 Ala. 574.

There was no transfer of the mortgage indebtedness in this case because the mortgages had been cancelled and a deed taken which was voidable merely on account of the defective acknowledgment. This defense set up is purely equitable; therefore injunction will lie.— *Lehman v. Shook,* 69 Ala. 486.

J. W. STROTHER, *contra.*—If the bill was filed in the name of the proper parties complainant, it wholly fails to make a case for an injunction of a judgment at law. It fails to show why the suit in the circuit court was allowed to proceed to judgment. The defendants ought not to let the suit at law proceed to a judgment when he knows he had an equitable defense against it.— *Moore v. Faggard,* 51 Ala. 525; *Foshee v. McCreary,* 123 Ala. 193; *Garrett v. Lynch,* 44 Ala. 688; *Tillis v. Prestwood,* 107 Ala. 618; *Headly v. Bell,* 84 Ala. 346; *Nat. Fert. Co. v. Hinson,* 103 Ala. 532.

The bill is without equity in any aspect or for any purpose because the complanants have no interest in the matter sought to be litigated and for this reason have no right to maintain this action.— *Welsh v. Phillips,* 54 Ala. 309; *Taylor v. A. & M. Asso.,* 68 Ala. 229; *Cook v. Parham,* 63 Ala. 456.

DOWDELL, J.—The bill in this case was filed by the appellants, Hooper & Nolen, to enjoin the execution of a judgment at law recovered by the appellee, Birchfield, against H. A. Lamberth and W. A. Jones, and at

the same time to foreclose two mortgages executed by the appellee to the appellants. The cause was submitted for final decree on the pleadings and proof, and on motion to dismiss the bill for want of equity and to dissolve the injunction. A final decree was rendered dissolving the injunction and dismissing the bill, and from this decree the present appeal is prosecuted.

The complainants were not parties to the suit in which the judgment sought to be enjoined was rendered but were strangers to that suit. A bill to enjoin proceedings at law must be filed in the name of an interested party. But if it had been filed in the name of a proper party, it fails to make a case for an injunction of a judgment at law. It states no excuse or reason for allowing the suit to proceed to judgment or for the failure to take steps to prevent it. A defendant having equitable defenses to an action at law of which he is at the time apprised should not wait until such suit has proceeded to a judgment, before applying to a court of equity for relief by injunction.—*Moore v. Faggard,* 51 Ala. 525.

The bill, however, is clearly without equity as a bill for foreclosure of the mortgages mentioned. These complainants are shown by the statement in the bill to have parted with all of their interests in the mortgages. As mortgagees in the possession of the land, long after the law day in the mortgages, they conveyed by deed of warranty the lands embraced in the mortgages to Lamberth and Jones. This conveyance operated an assignment in equity of the mortgage debt.—*Welsh v. Phillips,* 54 Ala. 309; *Taylor v. A. & M. Association,* 88 Ala. 229; *Cook Adm'r. v. Parham,* 63 Ala. 456. By their conveyance to Lamberth and Jones they parted both with their legal estate in the lands and their equitable rights in the mortgages. There is no error in the decree and the same will be affirmed.

Affirmed.