# Humphries *v.* Adkins *et al.*

### *Bill in Equity to Enjoin Ejectment Suit.*

1. *Equitable relief; defendant at law not barred after judgment rendered; laches.*—A defendant in a suit at law having only a purely equitable defense to the cause of action stated in the complaint, is not barred of his equity by the mere fact that he waits to file his bill until judgment has been entered against him in the suit at law, and such delay in asking for relief in a court of equity does not constitute laches.—*Hooper v. Birchfield,* 138 Ala. 423, overruled.

Appeal from the City Court of Anniston in Equity.
Heard before the Hon. Thomas W. Coleman, Jr.

The facts essential to an understanding of the decision on this appeal may be summarized as follows: Manuel Adkins, father of appellees, died about the 31st of May, 1902, seized and possessed of the lands which are involved in this litigation. Adkins left a will, or a ducoment purporting to be a will, in which one T. R. Sparks, was named as executor. The will was attacked by David and Josie Adkins, appellees, and was by the honorable city court of Anniston, on to-wit, the 27th day of February,

1904, decreed to be null and void and of no effect, and the probate of said alleged will, and the proceedings had thereunder, were set aside, cancelled and annulled, held for naught. Prior to this adjudication by the learned court, however, said Sparks applied for the probate of the alleged will and obtained letters testamentary as the executor of the last will and testament of Manuel Adkins. On the 29th of September, 1903, said Sparks, as executor, filed a petition in the probate court of Calhoun county, praying for a decree of sale of the property for division and payment of debts. The petition of said Sparks was granted on November 2nd, 1903, and on the 18th day of January Sparks sold the real estate involved in this suit to J. H. Humphries, appellant here. On the 20th day of January, 1904, Sparks reported the sale to the probate court, and on the 30th of the same month the sale was confirmed and a deed was made to appellant by said Sparks, as executor. On the 7th day of March, 1904, an ejectment suit was instituted by appellees against appellant for the lands, and on the 23rd of June, 1904, a judgment was obtained by them awarding them the lands. After the recovery of this judgment, the defendant in ejectment suit, J. H. Humphries, filed a bill in the present case, averring the facts as above set forth, and prayed for an injunction restraining the plaintiff in the ejectment suit from further prosecution of said suit, and from the enforcement of the judgment against the complainant for the possession of said premises, and that upon a final hearing said injunction be made perpetual.

Upon the filing of the bill a temporary injunction was issued. The defendants demurred to the bill setting up in various ways the ground that the complainant waited too long before filing the present suit, in that he had allowed the ejectment suit to proceed to judgment without application for equitable intervention. The defendant also moved to dismiss the bill for the want of equity, and further moved to dissolve the injunction for the want of equity in the bill, and because he had waited until after the rendition of the judgment to ask for equitable

relief. On the submission of the cause upon the motions
and the demurrer, the chancellor rendered a decree hold-
ing that the bill was without equity, and sustained the
motion to dismiss the bill and to dissolve the injunction.
From this decree the complainant appeals, and assigns
the rendition thereof as error.

BLACKWELL & AGEE, for appellant.—A court of equity
will grant relief by injunction to a complainant who had
an equitable defense to an action at law, but could not
interpose the same on account of its being equitable in
its nature.—*Calloway v. McElroy,* 3 Ala. 406; *Nelson
v. Dunn,* 15 Ala. 514; *Howell v. Motes,* 54 Ala. 1; *Mor-
gan v. Lehman Durr,* 92 Ala. 442; *Johnson v. Christian,*
128 U. S. 374-381-2; *Crim v. Handley,* 94 U. S. 652;
High on Injunctions,'Sec. 86; 1 High on Injunctions,
2nd Ed. 87; *Hubbard v. Easmon,* 93 Am. Dec. 467; *Jar-
ratt v. Goodnow,* 32 L..R. A., 321 note.

McCARTY & MERRILL, *contra.*—Conceding that appel-.
lant has an equitable title, yet having had knowledge of
it pending the final settlement of the ejectment suit, to
which he was a party and actually resisted, it is too late
for him to come in now seeking equitable relief. The
Alabama authorities are thoroughly committed to the
proposition that a party having an equitable defense
when an action at law is pending against him must go
into equity before the conclusion of the action at law, if
he has knowledge of his equitable remedy. He cannot sit
down and speculate upon the results in the action at law,
accumulating costs and protracting the litigation, and
then come into equity and ask relief of that forum.
*Hooper & Nolan v. Brichfield,* 138 Ala. 423; *Moore v.
Faggard,* 51 Ala. 525.

SIMPSON, J.—The motion to dissolve the injunc-
tion, and the decree sustaining said motion seemed
to have been based on a remark in the case of *Hooper
& Nolen v. Birchfield,* 138 Ala. 427, to the effect that
"A defendant having equitable defenses to an action
at law, of which he is at the time, apprised, should
not wait until such suit has proceeded to such

judgment, before applying to a court of equity for relief by injunction." This remark was not necessary to the decision of that case, and to that extent the case is overruled.

This question had previously received careful consideration by this court, and it was held that "a defendant in a suit at law having only a purely equitable defense * * * * is not barred of his equity by the mere fact that he defers filing his bill until judgment has been entered against him at law."—*Sternes v. Hartzler*, 114 Ala. 564.

The judgment of the court is reversed and the cause remanded.

McClellan, C. J., Tyson, Dowdell, Anderson and Denson, J. J.

