# Lester *v.* Walker.

### *Ejectment.*

(Decided May 11, 1911.    Rehearing denied June 8, 1911.
55 South. 619.)

1. *Contracts; Validity; Binding Force.*—An instrument executed by one who can read and write is binding upon him, even though he did not know its contents, in the absence of misrepresentation, fraud or other deceit.

2. *Mortgages; Assignments; Assignment of Debt.*—Where a mortgagee transferred the evidence of a debt so as to entitle the assignee to the money thus secured, it carried with it the mortgagee power of sale, notwithstanding the written assignment was insufficient to convey the legal title.

3. *Same; Power of Assignee.*—An assignee of a mortgage to whom the debt secured is transferred without the legal title to the property conveyed, who executed the power of sale contained in the conveyance, passes the legal title to the purchaser at the sale.

4. *Vendor and Purchaser; Bona Fides; Notice; Possession.*—Possession of land by a vendee whose deed has not been recorded is sufficient to put a purchaser or creditor on inquiry, such possession being equivalent to a registration of title or actual notice.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

Statutory ejectment by Willis A. Lester against J. W. Walker. Judgment for defendant, and plaintiff appeals. Affirmed.

The plaintiff relied upon deeds executed to him by John H. Williams as to certain lots, and by W. C. Terry as to others, and upon the payment of the purchase money, together with deeds conveying the property to his grantor. Walker claimed under a mortgage made by J. H. and Alice Williams to W. H. Osborn and a transfer of said mortgage from Osborn to Walker, which transfer is as follows: "November 6, 1906. For and in consideration of $37.00 to me cash in hand paid by J. W. Walker, the receipt whereof is hereby acknowledged, I do hereby transfer, sell, assign, and de-

liver to the said J. W. Walker, without recourse on me, two promissory notes, each for $18.60, dated August 23, 1906, payable to W. H. Osborn, 30 and 60 days after date, said notes secured by mortgage on land at Woodlawn, Alabama; also transfer, assign, sell, and deliver to said Walker the said mortgage, which said mortgage is now in the probate office for record, and authorize the probate judge of Jefferson county, Alabama, to deliver to said Walker or his representative said mortgage." The mortgage contained a power of sale, and was filed for record on the 31st day of October, 1906, and recorded on the 14th day of November following. Nearly a year later the mortgage was foreclosed under power of sale, and deed made on August 19, 1907, from Walker, as transferee and assignee, to the purchaser, which deed was filed for record November 16, 1908, and recorded December 3d following. It further appeared that one J. R. Ryan became the purchaser, and put Walker in possession of the property as his tenant, placed some building material on the property, and built a house thereon.

F. E. BLACKBURN, for appellant. The court erred in permitting the transfer in evidence.—*Sanders v. Cassidy*, 86 Ala. 246. The assignee did not acquire the legal title.—*Braham v. Newman*, 21 Ala. 497; Sections 1789-1790, Code 1886; *Farley et al. v. Whitehead*, 63 Ala. 295; *Welch v. Phillips*, 54 Ala. 309; *Baron v. Baron*, 122 Ala. 194; *Langley v. Andrews*, 132 Ala. 146; Sec. 3355, and 3357, Code 1907. There is no conflict in the authorities above cited, with the case of *Ward v. Ward*, 108 Ala. 278. Counsel discuss other assignments of error, but without further citation of authority.

W. E. MARTIN, for appellant. The court was not in error in permitting the introduction of the written as-

signments of the notes and mortgage from Osborn to Walker.—*Ward v. Ward,* 108 Ala. 278. Walker being in actual possession, served the same purpose as if his deed had been recorded, or the other party had had actual notice.—*Tutwiler v. Montgomery,* 73 Ala. 264.

McCLELLAN, J.—In the absence of misrepresentation, fraud, or deceit, the execution of an instrument by one who can read and write is binding upon him, even though he did not read it, or was ignorant of its contents.—*Bank of Guntersville v. Webb & Butler,* 108 Ala. 132, 19 South. 14.

An assignment and transfer of evidence of debt, so as to entitle the assignee or transferee to the "money thus secured," effects to clothe the assignee or transferee with the mortgagee's power of sale, created by the mortgage, notwithstanding the terms of the written assignment or transfer are inefficient to carry the legal title to the real estate covered by the mortgage.—*Ward v. Ward,* 108 Ala. 278, 19 South. 354.

The execution of such a power by the assignee or transferee will pass the title to the purchaser at the sale.—*Martinez v. Lindsey & Gay,* 91 Ala. 334, 8 South. 787; *Johnson v. Beard,* 93 Ala. 96, 9 South. 535; *Ward v. Ward, supra.* The decision in *Langley v. Andrews,* 132 Ala. 147, 31 South. 469, is in no sense opposed to the doctrine of the cases just cited. The sole ruling in that decision was that S. M. Inman & Co., the assignors and transferrors of J. E. Andrews, the complainant, were necessary parties to the bill of Andrews to foreclose the mortgage, and so on the theory that the assignment did not contain apt words of conveyance of the realty described in the mortgage. The doctrine of the two lines of decision are entirely distinct. The one, the former, involves the exercise of a *power* and its transmutation;

[Lester v. Walker.]

while the other involves a matter of practice, in equity, looking to jurisdiction adequate for the investment of the purchaser with the legal title to the property covered by the mortgage which is sought to be foreclosed.

The assumption of possession of lands by a vendee, though his deed be not recorded, is sufficient to put a purchaser or creditor on inquiry which would lead to a knowledge of the conveyance, and such possession is equivalent to registration of his conveyance or to actual notice.—*King v. Paulk,* 85 Ala. 186, 4 South. 825, and cases therein cited; *Griffin v. Hall & Farley,* 129 Ala. 289, 29 South. 783. The application of these principles to the status of fact shown by this record leaves no room for doubt that the trial court correctly gave the affirmative charge for the defendant.

There was no evidence of misrepresentation, fraud, or deceit whereby Osborne's execution of the assignment, offered and properly received in evidence, might be avoided. Under the assignmnt by Osborne, Walker was clothed with the right to exercise the power of sale contained in the mortgage. The actual, visible possession of the lots by Ryan, or of his tenant, was such notice as forbade plaintiff, or his predecessors in asserted right, being bona fide purchasers without notice.

The judgment must be affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and SOMERVILLE, JJ., concur.