(99 South. 846)

## GAY v. FRICKS. (8 Div. 607.)

(Supreme Court of Alabama. April 17, 1924.)

**1. Deeds ⬅181—Altered deed held admissible as evidence of completed transaction.**

In suit for specific performance of contract to convey land, an alteration by grantee in a deed not witnessed or acknowledged by witnessing and appending notary public's certificate after grantor's death, while an alteration in a material part, did not divest interest if originally created, and would not prevent admission of deed in evidence to show completed and fully executed transaction.

**2. Specific performance ⬅84—Defective conveyance held enforceable as agreement to convey.**

Where father, in accordance with agreement, gave son, for services, and sought to convey by deed not witnessed or acknowledged, land which son occupied and erected dwelling on, there was an executed transaction creating equitable title in son; the defective conveyance being enforceable as an agreement to convey.

**3. Specific performance ⬅43—Bill held to show sufficient part performance.**

Bill by son against administrator of father for specific performance of father's contract to convey lands for services of son, alleging services to father as clerk and occupying and building on land pursuant to contract, held to aver sufficient acts of part performance.

**4. Judgment ⬅621—Suit not barred after judgment at law against complainant, and delay does not constitute laches.**

Suit for specific performance of contract to convey land is not barred after judgment rendered at law against complainant, and such delay does not constitute laches.

**5. Deeds ⬅17(1)—What constitutes "good consideration" and "valuable consideration."**

Classes of consideration for conveyances are "good consideration," as that for love and affection entertained by and for one within degree recognized by law, and "valuable consideration," as that for moneys, work, and labor, etc.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Good Consideration; Valuable Consideration.]

**6. Specific performance ⬅49(2)—Instrument held to show valuable consideration.**

An instrument by W. purporting to convey land to H., his son, in consideration of certain sum "as advance on estate of W., advanced to H. for a home only to be used by him and his heirs during life of W. but not to sell until after death of W.," held to show a valuable consideration sufficient to warrant specific performance.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Bill in equity by Homer R. Fricks against J. W. Gay, as administrator of the estate of W. L. Fricks, deceased, and the heirs of said decedent, for specific performance of a contract to convey lands. From a decree overruling demurrer to the bill, the respondent administrator appeals. Affirmed.

D. P. Wimberly, of Scottsboro, for appellant.

Adding an attesting witness to a deed, not fully executed, at the instance of the grantee, after the death of the grantor, is a material alteration of the instrument, and the grantee cannot come into equity, and obtain affirmative relief on such deed. Ala. State Land Co. v. Thompson, 104 Ala. 570, 16 South. 440, 53 Am. St. Rep. 80; Benton v. Clemmons, 157 Ala. 658, 47 South. 582; Brown v. Johnson Bros., 127 Ala. 292, 28 South. 579, 51 L. R. A. 403, 85 Am. St. Rep. 134; White Sewing Mch. Co. v. Saxon, 121 Ala. 399, 25 South. 784; Montgomery v. Crossthwait, 90 Ala. 553, 8 South. 498, 12 L. R. A. 140, 24 Am. St.

Rep. 832; Green v. Snead, 101 Ala. 205, 13 South. 277, 46 Am. St. Rep. 119; White v. Hass, 32 Ala. 430, 70 Am. Dec. 548; Brown v. Jones, 3 Port. 420; Bryan v. Carter, 169 Ala. 515, 51 South. 999. The instrument, in the nature of a contract to convey, to warrant specific performance, must not be merely voluntary, but founded upon a valuable and adequate consideration, and equitable to all interests involved. Tolleson v. Blackstock, 95 Ala. 510, 11 South. 284; Forwood v. Armstead, 12 Ala. 124, 46 Am. Dec. 246; Evans v. Battle, 19 Ala. 402; Pinckard v. Pinckard's Heirs, 23 Ala. 650; Irwin v. Bailey, 72 Ala. 467; Dimmick v. Stokes, 151 Ala. 150, 43 South. 854; Tombighee Valley R. R. Co. v. Fariford Lbr. Co., 155 Ala. 578, 47 South. 88.

McEniry & McEniry, of Bessemer, for appellee.

The conveyance was not altered in a material respect, but, if so, it would be received as evidence. Hendon v. White, 52 Ala. 597; Arrington v. Arrington, 122 Ala. 513, 26 South. 152; Ala. State Land Co. v. Thompson, 104 Ala. 570, 16 South. 440, 53 Am. St. Rep. 80. The complainant has the right to explain the recited consideration of the deed, and to show other consideration. Harraway v. Harraway, 136 Ala. 499, 34 South. 836; 4 Michie's Ala. Dig. 791; 18 C. J. 266; Agnew v. McGill, 96 Ala. 496, 11 South. 537. The equitable title was passed by the deed. Goodlet v. Hansell, 66 Ala. 151; Wadsworth v. Wendell, 5 Johns. Ch. (N. Y.) 231; Morse v. Faulkner, 1 Anstr. 14; Barr v. Hatch, 3 Ohio, 538; Varick v. Edwards, 1 Hoff. Ch. (N. Y.) 391; Bethea v. McCullough, 195 Ala. 480, 70 South. 680.

THOMAS, J. The appeal is from a decree overruling demurrers to a bill as amended for specific performance of a contract to convey lands. The decree is of date August 4, 1923, and the appeal was taken within 30 days therefrom. Lewis v. Martin, 210 Ala. 401, 98 South. 635.

The averments of the amended bill, in substance, as to the consideration for the attempted conveyance of the land by the parent to the son, were that, at the instance of the former, the son moved from a distant state to make his residence in Alabama, assisted the father as a clerk, etc.; that, in compliance with his part of the agreement, to such end the father gave him the land and sought to convey the same to the complainant, who took possession thereof and erected thereon the dwelling, occupied it, and assisted the father until the latter's death. The grantor having died, his administrator as a party respondent assigned demurrers to the bill as amended, and prosecutes the appeal.

The deed attempted to be given was not witnessed or acknowledged, grantors signing their own names. After the death of Mr. W. L. Fricks, a person who was present at such subscription of said instrument, signed his name thereto as a witness, and probated the same as provided by statute by making the required certificate before a notary public. This action on the part of said purported witness was nearly two years after the date of the execution of the instrument.

[1] This unauthorized alteration by the purported grantee was "in a material part," yet it did not divest the right, title, or interest, if originally created or granted. And the instrument as it was before alteration continued "to be a memorial of the conveyance and may be adduced in evidence" (in a forum having jurisdiction in the premises) to prove such attempted conveyance of title or interest sought to be created, and was evidence of "a completed and fully executed transaction," or "a memorial of an accomplished and existing fact." Alabama State Land Co. v. Thompson, 104 Ala. 570, 573–575, 16 South. 440–442 (53 Am. St. Rep. 80). The rule is thus stated in the cited case:

"* * * Where the right is executory, and the instrument securing and evidencing it is thus altered, not only is the paper as evidence of the right destroyed, but the right itself is also destroyed; while, on the other hand, where the instrument merely evidences an executed transaction and is a memorial of it, the rights which vested by virtue of that transaction in the person who spoliates the instrument are not thereby destroyed or divested, whatever may be the effect of the spoliation upon the memorial itself. * * * And in Insurance Co. v. Fitzgerald, 16 Q. B. 440, Lord Campbell, C. J., said: 'There is no ground for saying that, if a deed be altered in a material part, it is rendered void from the beginning. It ceases to have any new operation, and no action can be brought in respect of any pending obligation which would have arisen from it had it remained entire; but it may still be given in evidence to prove a right or title created by its having been executed, or to prove any collateral fact.' And to the same effect are the following cases: Davidson v. Cooper, 11 M. & W. 778; Lord Ward v. Lumley, 5 H. & N. 87; and Hutchins v. Scott, 2 M. & W. 815, 816. This view, we conceive, is the more reasonable, and the sounder in principle. The contrary doctrine is based on the idea that a deed so altered is void ab initio and for all purposes. This cannot be true, for such deed is confessedly valid when executed, else title could not have passed by it, and all authorities agree that title does pass and is not divested by the subsequent alteration."

See, also, analogy to be found in Hendon v. White, 52 Ala. 597, Arrington v. Arrington, 122 Ala. 513, 26 South. 152, and Wilson v. Kirkland, 172 Ala. 72, 55 South. 174. The announcements made in Alabama State Land Co. v. Thompson, supra, were in a suit for ejectment; yet the rule will be observed by a court of chancery as to proof of an equitable title in a grantee, subject to the cases de-

claring the burden of proof as to instruments altered, erased, or interlined in material part. Burgess v. Blake, 128 Ala. 105, 28 South. 963, 86 Am. St. Rep. 78; Yarbrough Turpentine Co. v. Taylor, 198 Ala. 202, 73 South. 458; Nance v. Gray, 143 Ala. 234, 38 South. 916, 5 Ann. Cas. 55.

[2] The amended bill admits that the deed set out therein was not so witnessed or acknowledged as to pass the legal title. The facts averred to have been consummated in the conveyance were sufficient to create an equitable title.

In Goodlett v. Hansell, 66 Ala. 151, 159, it is said:

"A court of equity, looking beyond the forms of contracts, to their substance, and the ascertained intention of the parties, will cure the omission of a subscribing witness, and compel the conveyance of the legal estate. This doctrine, said Ch. Kent, in Wadsworth v. Wendell, 5 Johns. C. 213, 'is too well established, and is too just in itself, to admit of any doubt.' And in the case of Morse v. Faulkner, 1 Anstr. 14, cited by him, it was said by Ch. B. Eyre, 'It is clear, that where there is an agreement to convey, or a defective conveyance by a person then having title actually, that would be such an equity as would bind the lands in the hands of the heir.' The books abound in cases, in which purchasers with defective conveyances have been assisted by a court of equity, against the vendor, or his heirs, or devisees, or voluntary donees, or assignees, or purchasers having notice; the defective conveyance being regarded, at least, of the dignity of an agreement to convey, and, for many purposes, as an actual conveyance. Barr v. Hatch, 3 Ohio, 538; Varick v. Edwards, 1 Hoff. Ch. 391."

See Bethea v. McCullough, 195 Ala. 480, 486, 70 South. 680; Wood v. Lett, 195 Ala. 601, 71 South. 177.

[3] The acts of part performance averred are such as gave a mutual right to full performance, and the specific execution of that instrument would effectuate the real intention of the parties, and is, under the averments of the bill, free from hardship or oppression (Formby v. Williams, 203 Ala. 14, 16, 81 South. 682, and authorities), that instrument being founded upon a recited valuable consideration, and not upon a mere nominal consideration. London v. Anderson Brass Works, 197 Ala. 16, 20, 72 South. 359.

As against the respondent administrator the complainant has the right to aver and prove, if he can, that the grantor induced said grantee to accept the conveyance and move on the land, the possession of which was surrendered to him by the grantor, and the grantee made valuable improvements as a part of its contract purchase price, or as a part of the consideration for the conveyance. Cummings' Heirs v. Gill's Heirs, 6 Ala. 562; Formby v. Williams, supra.

[4] Complainant's suit is not barred after judgment rendered at law against him, and such delay does not constitute laches. Humphries v. Adkins, 142 Ala. 517, 38 South. 840, 110 Am. St. Rep. 42; Stricklin v. Kimbrell, 193 Ala. 211, 69 South. 14.

[5, 6] There are two general classes of considerations for conveyances: (1) A good consideration, as that for love and affection entertained by and for one within the degree recognized by law; and (2) a valuable consideration, as that for moneys, work, and labor, etc. The recited valuable consideration contained in the instrument is "the sum of 18 hundred dollars ($1,800.00) as advance on estate of W. L. Fricks advanced to H. R. Fricks for a home only to be used by him and his heirs during the life of W. L. Fricks but not to sell until after death of W. L. Fricks the second part, the receipt of which is hereby acknowledged. * * *"

The amended bill sets up a valuable consideration in the deed sufficient to warrant the relief prayed upon proper proof.

The decree of the circuit court in equity is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and MILLER, JJ., concur.