156 So. 775

**ALBERT v. NIXON.**

8 Div. 592.

Supreme Court of Alabama.

Oct. 4, 1934.

For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes

Claud D. Scruggs, of Guntersville, for appellee.

J. A. Lusk, of Guntersville, for appellant.

BROWN, Justice.

This appeal is from an interlocutory decree overruling the defendant's demurrers to the bill. The bill is one for specific performance of a contract, and is filed by one of the parties to the contract against the personal representative of the other party, since deceased, and the wife of said deceased party.

The bill, to state the substance of its averments in short, alleges that said deceased party, F. B. Albert, being the owner of certain lands in Marshall county on which he had executed a certain mortgage to the First Joint Stock Land Bank of Montgomery, Ala., to secure an indebtedness of $4,500, payable in installments running through a period of several years, sold and conveyed to the complainant, Curtis Nixon, a portion of said land consisting of 90 acres, for a consideration of $1,105, paid in cash, Albert's wife, Mrs. Effie M. Albert, joining in the execution of said conveyance; that said deed, though bearing date of January 21, 1926, was not delivered until the 2d day of April, 1926. Contempor-

aneously with the execution of the deed and the payment of the purchase money, said F. B. Albert delivered to the complainant a separate instrument in writing as follows:

"Guntersville, Ala., 4/2nd, 1926.

"This agreement entered into between F. B. Albert party of the first part and Curtis Nixon party of the second part.

"Party of the second part has purchased from party of the first part ninety (90) acres of land for $1,105.00 said land is now under mortgage by party of the first part and party of first part has made party of second part a warranty deed to said land.

"Party of the first part agrees to have marked satisfied by April 1st, 1928, otherwise party of the first part agrees to refund purchase price, $1,105.00 with interest from date and pay for improvements put on said land by party of the second part, on April 1st, 1928, if said mortgage has not been satisfied and party of the second part agrees to furnish the party of the first part a warranty deed without any indebtedness against the said land made by the party of the second part.

"Said land being in Section Ten and Eleven of Township Nine and Range Two East, lying and being in Marshall County, Alabama.

"If party of the first part settles said mortgage and has mortgage record satisfied by April 1st, 1928, or before the above agreement shall be null and void, otherwise binding.

"F. B. Albert."

That said mortgage to the First Joint Stock Land Bank has not been paid, nor the record thereof marked satisfied, and although the complainant has tendered to the said personal representative a warranty deed in due form conveying to her, as the administratrix of the estate of said F. B. Albert, said land, which is free of all incumbrances or liens except the mortgage to said Joint Stock Land Bank, said administratrix has failed or refused to refund the purchase money with interest, and pay for the valuable improvements erected on said land by the complainant.

The demurrers attack the sufficiency of the bill for want of equity, and for nonjoinder of the heirs at law of F. B. Albert, deceased, and the First Joint Stock Land Bank as parties defendant.

The law is well settled that two or more writings executed contemporaneously by the same parties and relating to the same subject-matter will be looked to and construed together as the contract between the parties, and to ascertain their purpose and intent. Pierce v. Tidwell et al., 81 Ala. 299, 2 So. 15; Hunter-Benn & Co. Company v. Bassett Lumber Co., 224 Ala. 215, 139 So. 348; Weeden v. Asbury, 223 Ala. 687, 138 So. 267; Frasch v. City of Prichard et al., 224 Ala. 410, 140 So. 394; Whitehurst v. Boyd, 8 Ala. 375; Sewall v. Henry, 9 Ala. 24; Doe ex dem. Holman et al. v. Crane et al., 16 Ala. 570; Prater's Adm'r v. Darby, 24 Ala. 496; Byrne v. Marshall, 44 Ala. 355.

Applying this principle to the instant case, the deed and the writing delivered with it constitute the entire contract between the parties. The contract so considered is devoid of uncertainty, and the clear intent of the parties as manifested by these writings is that the vendor Albert was to have the incumbrance of the bank's mortgage removed from the 90 acres of land sold to complainant on or before April 1, 1928, or the sale and conveyance was to be rescinded and the purchase money, with interest, returned, together with the reasonable value of the improvements placed on the land, between the date of the delivery of the deed and April 1, 1928.

Therefore, the effect of specific performance of the contract in the instant case is to enforce rescission of the sale and conveyance of the land and a return of the purchase money, with interest, and to compel payment of the reasonable costs of the improvements; and the law is well settled that courts of equity have jurisdiction, both to enforce specific performance and compel rescission in a proper case. Baker v. Maxwell, 99 Ala. 558, 14 So. 468; Allgood v. Bank of Piedmont, 115 Ala. 418, 22 So. 35; Milton Realty Co. et al. v. Wilson, 214 Ala. 143, 107 So. 92. And such bill may be maintained against the personal representative of a deceased party to the contract. Gay v. Fricks, 211 Ala. 119, 99 So. 846.

The complainant, as the bill avers, has offered to reconvey the land and has tendered a deed duly executed to the personal representative of said Albert. This is all that was necessary to perfect his right to invoke the aid of a court of equity to enforce specific performance of the contract to rescind. Young v. Arntze & Bros., 86 Ala. 116, 5 So. 253; Eagan Company v. Johnson, 82 Ala. 233, 2 So. 302.

Therefore, the general rule stated and applied in Fields v. Clayton, 117 Ala. 538, 23 So. 530, 67 Am. St. Rep. 189, that mere breach of warranty is not grounds for rescission in equity, is not applicable here.

276

As related to the rights and interest of the First Joint Stock Land Bank of Montgomery, the deed from Albert and wife to complainant only conveyed and vested in the complainant the equity of redemption to the 90 acres of land, and the relief sought does not touch or affect the superior rights of the bank. While it might be a proper party, it is not a necessary party to the bill.

The heirs of Albert have no right or title in the land conveyed to complainant by Albert and wife before Albert's death. Their sole interest is in the estate, and all the rights of the estate are brought before the court by making the administratrix a party defendant to the bill. In Harris v. Johnson, 176 Ala. 445, 58 So. 426, the legal title to the property was in the heirs at law.

Mrs. Albert, as an individual, was a party to the conveyance, and, while she may not be a necessary party to the bill, she is a proper party.

We discover no error in the decree overruling the demurrers to the bill.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.

For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes