15 So.2d 629

**FOWLER v. MORROW.**

**8 Div. 264.**

Supreme Court of Alabama.

Nov. 18, 1943.

J. Foy Guin, of Russellville, for appellant.

Wm. Stell, of Russellville, for appellee.

THOMAS, Justice.

The bill is for specific performance in order to perfect title to a small tract of land.

The controversy has arisen over two contracts or conveyances of the land by grantors, who were relatives of respective grantees. There are decisions to the effect that courts of equity in a proper case favor the enforcing of contracts which amount to family settlements touching properties held in common. Betts v. Ward, 196 Ala. 248, 72 So. 110. Such is not the case here presented where relatives conveyed lands founded upon different considerations.

The record contains much evidence as to the fulfillment of the conditions on which appellant's conveyance rested. This is beside the questions on which the decree rested and from which the appeal is taken.

The rules for specific performance have been recently considered in this jurisdiction. General Securities Corporation v. Welton, 223 Ala. 299, 135 So. 329; Albert v. Nixon, 229 Ala. 273, 156 So. 775; Gay v. Fricks, 211 Ala. 119, 99 So. 846.

A further established rule as to notice is that the possession of land by a vendee under a deed, not duly recorded, is sufficient to give notice to a purchaser, equivalent to a due registration of the title. Lester v. Walker, 172 Ala. 104, 55 So. 619. The purchaser of land in the actual occupancy of a vendee, under a parol contract to convey, is charged with notice of the vendee's title. Walling v. Moss, 240 Ala. 87, 197 So. 30, and authorities therein cited.

In Sherrod v. Hollywood Holding Corporation, 233 Ala. 557, 173 So. 33, it is held, on authority, that to make defense that one is a bona fide purchaser without notice, it must be clearly averred and proven that one is the holder of legal title purchased in good faith, parted with valuable considerations in such purchase, or assumed a liability, and had no notice or knowledge sufficient to put him on inquiry as to complainant's equity at the time of the purchase or at or before the time he paid the purchase money or parted with such value.

The deed from Mr. and Mrs. Hall to appellee, on account of the defective general acknowledgment, was not sufficient to convey the legal title to the properties in litigation, but under the holding of Gay v. Fricks, supra, such a deed is enforceable in equity as an agreement to convey. After obtaining the deed from Mr. and Mrs. Hall, grantee (appellee here) went into possession of the small tract of land between the several roads forming a part of the description employed, operated a store, a grist mill and a garage thereon.

It is alleged, and the evidence shows, that he purchased the small stock of goods that remained of Mr. Hall's business, paid therefor a reasonable price and sold out the same. The grist mill and garage were placed on the land and removed therefrom by the appellee. The period of appellee's actual possession was a year and a half or two years, during which time the appellant Fowler lived in the same community, and, as we view the evidence, knew of appellee's operation of the store, the grist mill and the erection and use of the garage, and that appellee later removed the garage and grist mill. This, under the record before us, was sufficient notice to defeat appellant's claim that he was a bona fide purchaser without notice of the superior title or equity of appellee to the small tract of land in question.

However, the testimony of appellee and of the notary undertaking to make the acknowledgment to the first deed is sufficient to show that before Fowler took either of the purported deeds from the Halls, he had actual knowledge or notice that his grantor had theretofore conveyed or attempted to convey the property by the imperfect deed, founded on a valuable consideration, to Morrow. No witness disputes the fact that Morrow paid a valuable consideration for the small triangular tract of land and the stock of goods in the store situated thereon. There is no controversy as to the fact that Morrow's deed was prepared by the officer in question, who testified in this case that he read the deed to the Halls and they stated such was their intention to convey.

The evidence further shows that the purchase of the stock of goods was contemporaneous with the purchase of the land and a part of the consideration, and that the provision for payment of taxes was a part of the consideration of the first attempted conveyance of the Halls to Morrow.

The relation of the parties, their residence in the little village and the attingency of the two tracts of land, as well as the acts of ownership further support the fact of knowledge or notice by appellant of the prior equity of appellee.

We find no error in the decree of the trial court for specific performance as sought by appellee and in the taxation of the costs. The decree of the Law and Equity Court of Franklin County, sitting in equity, is affirmed.

Affirmed.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.