3 So.2d 1

### COLE v. YEARWOOD.
### 8 Div. 117.

Supreme Court of Alabama.

June 5, 1941.

Rehearing Denied June 30, 1941.

Scruggs & Creel, of Guntersville, for appellant.

Marion F. Lusk, of Guntersville, for appellee.

THOMAS, Justice.

The appeal is from a final decree and that affirming the register's report.

The facts succinctly stated are that Cole and Yearwood were partners doing business as R. L. Cole Horse & Mule Company; they took notes and mortgages to secure sales and hypothecated the same to the banks indicated; appellant Cole executed a note and chattel mortgage to complainant Yearwood for $10,000, in settlement of their business affairs, and at the same time, Yearwood executed and delivered to Cole the following instrument:

"It is hereby agreed by and between R. L. Cole, party of the first part, and V. C. Yearwood, party of the second part, as follows:

"Whereby this day we have had a settlement on some notes made payable to the Cole Horse and Mule Company, amounting to approximately $18,000.00 and whereby if there should be any loss in the final settlement on collections of said notes, parties of both the first and second part will share the loss equally.

"And whereas party of the second part is entitled to one-half of the net profits of all crops grown by party of the first part that are included in a mortgage executed this day.

"Dated this the 20th day of July, A.D. 1937.

"R. L. Cole,
"Witness:
"Party of the First
"Flora Mae Bu-
Part.
chanan.
"V. C. Yearwood,
"Party of the Second
Part."

Thereafter, and on May 26, 1938, and after Cole had paid Yearwood out of collections on these notes something over the amount of $7,000, he did execute and de-

liver to Yearwood an additional note for the balance of the $10,000 note, and did execute to him a mortgage on certain real estate to secure said note of $2,300. Thereafter Cole paid, without having any settlement with Yearwood, several sums on this note totaling some $1,265 or more, as was admitted by Yearwood. Cole thereafter declined to pay any further amounts on the mortgage and insisted on Yearwood sharing one-half of the losses sustained in such business. Yearwood refused to share these losses under the contract he had made, filed suit in the Circuit Court in Equity of Marshall County to foreclose his mortgage. Cole filed a cross-bill setting up the written agreement, delivered and executed by them simultaneously with said mortgage, whereby Yearwood agreed to share one-half of the losses, and setting up that various and sundry losses had been occasioned, that no settlement had been made of the partnership affairs, and asked for an accounting against Yearwood for one-half of said losses to go as a credit for the balance due on the $10,-000 note, and to require Yearwood to pay the balance over and above the amount due on the note.

The testimony was taken, the cause submitted, and the court rendered a decree on the 28th of December, 1940, which was filed in the Register's office December 31, 1940, granting Yearwood the relief prayed for, and denying any credits to Cole for losses and the matter was referred to the register to ascertain and report the amount due on the mortgage of Cole to Yearwood.

The register reported that there was due, as shown by Exhibit A to his report, $1,436.-40, as of January 1, 1941. In Exhibit A, which shows the method of calculating the amount due, the Register did not ascertain or give Cole credit for any losses. Exceptions were duly filed to the report of the register on the 13th of January, 1941. The court by a decree rendered February 19, 1941, overruled the exceptions to the Register's report, declined to allow any losses, confirmed the report of the register and ordered that unless the debt as ascertained by the register on the mortgage was paid within forty days, with interest from Jan. 1, 1941, and the cost, that the register would on motion of complainant sell the lands for the satisfaction thereof. From these decrees the defendant below, R. L. Cole, appealed.

The decisions as to partnerships and joint adventures are collected in State ex rel. Lit-tle Supt. of Banks, v. Laurendine, 239 Ala. 620, 196 So. 278.

The paper executed by Yearwood to Cole at the time the $10,000 mortgage was taken provides that if there should be any losses in the final settlement on the collection of the notes payable to Cole Horse & Mule Company that the parties would share the loss equally.

The $2,360.80 note of date of May 26, 1938, contains the condition:

"On Nov. 1st, 1938, I or we promise to pay V. C. Yearwood or order, Two Thousand Three Hundred Sixty and 80/100 Dollars, For Value Received with interest from date.

"And to secure the payment of this note and any other sum we may owe the payee before this note is paid, we mortgage to said payee unincumbered property as follows: One Black horse mule, about six years, One black mare mule about six years old, One black horse mule about five years old, One black mare mule about three years. This note is not given as a release of note given on 7/20/37 but to better secure same * * *."

Thus the two instruments are recognized to exist and continue under the law that entered therein as to each. The latter was to better secure and extend the time of payment of the note and mortgage of date of July 20, 1937, for $10,000, with the limitation of the sharing of the losses equally sustained as to the subject matter of the sales made by mortgagor for himself and mortgagee.

Two or more instruments executed contemporaneously by the same parties in reference to the same subject matter constitute one contract, and should be construed as one transaction with reference to each other, or they may be construed together in determining the contract. Montgomery Enterprises v. Empire Theatre Co., 204 Ala. 566, 86 So. 880, 19 A.L.R. 987; Pierce v. Tidwell, 81 Ala. 299, 2 So. 15; Mobile County v. Linch, 198 Ala. 57, 73 So. 423; Weeden v. Asbury, 223 Ala. 687, 138 So. 267; Hunter-Benn & Co. v. Bassett Lumber Co., 224 Ala. 215, 139 So. 348; Frasch v. City of Prichard, 224 Ala. 410, 140 So. 394; Albert v. Nixon, 229 Ala. 273, 156 So. 775; Williams v. Johns-Carroll Lumber Co., 238 Ala. 536, 192 So. 278.

It results from the foregoing that the assignments of error challenging the decrees of the circuit court, in equity, are well

taken, and the decree referring the matter to the register for reference without requiring an ascertainment of the losses of the partnership and apportionment thereof to the respective parties, and the decree confirming the report of the .register, which takes no consideration of the losses under the agreement, are founded in error, and the same are reversed and the cause is remanded.

Reversed and remanded.

GARDNER, C. J., and BROWN -and FOSTER, JJ., concur.