12 So.2d 413

**McCORD v. TRAVELERS INS. CO.**

6 Div. 118.

Supreme Court of Alabama.

March 18, 1943.

Wm. A. Jacobs, of Birmingham, for appellant.

Bradley, Baldwin, All & White, of Birmingham, for appellee.

BROWN, Justice.

Assumpsit by appellant, suing as the beneficiary named in an insurance policy, against the insurance company, for money alleged to have become due under said policy at the death of her husband the assured.

The complaint is in the statutory form prescribed for such actions. Code 1940, Tit. 7, § 223, Form 12. The pleas were the general issue, pleaded in short by consent with leave to give in evidence any matter of special defense as if specially pleaded, with like leave to plaintiff to reply.

The case was submitted on an agreed statement of the facts, resulting in a verdict directed through the affirmative charge in favor of the defendant, followed by judgment on the verdict of the jury from which the plaintiff has appealed.

The case presented on the agreed facts is that on December 15th, 1927, the insured who was then in the employ of the Louisville and Nashville Railroad Company as a car repairer, procured from the defendant a "continuous order plan accident policy" of insurance, numbered 20N-62506, providing "indemnity for loss of life, limb, sight and time caused by accidental bodily injuries effected through external violence," as limited and provided. Accompanying the application for the policy, of the same date as the policy, was what is termed a continuous "deduct" order, authorizing the employer of the insured to de-

duct $6.80 as the first, monthly premium $3.40 for each succeeding month "until this order is revoked or the insurance cancelled."

The following "rider" was attached to said policy:

"Age Limits
"18 and 65
"Death Benefit Rider
"To be attached to and form a part of Policy No. 20N-62506 issued to Walter McCord by
"The Travelers Insurance Company
"Hartford, Connecticut

"In Consideration of an additional annual premium of Twenty Dollars ($20.00), it is hereby agreed that in event of the death of the Insured from ANY CAUSE while the Policy above mentioned is in force, and subject to the age limits hereinafter named, the Company, upon receipt of a certified copy of the 'Certificate of Death' filed by the attending physician with the proper official designation by law, will pay to the Beneficiary the sum of One Thousand Dollars, which payment shall fully discharge the obligations created by this Rider, but shall not affect any valid claim arising under the Policy. No claim against this Company for Death Benefit shall be valid in excess of the amount insured by one Rider, and any premium paid for Death Benefit in excess of said amount shall be refunded upon demand.

"This Rider does not cover any person under 18 or over 65 years of age.

"Nothing herein contained shall vary, alter, or extend any other provision or condition of the Policy.

"Not valid unless countersigned by a duly authorized agent or cashier of the Company.

"Dated at Hartford, Connecticut, this 15th day of December, 1927.

"(signed)                    (signed)
"John E. Ahern              C. V. Butler,
"Department Secre-          President
  tary.
"Countersigned by E. C. Arthur
"60024      Ed. March 1923"

Under the heading "Standard Provisions" is embodied the following: "16. The Company may cancel this Policy at any time by written notice delivered to the Insured or mailed to his last address as shown by the records of the Company, together with cash or the Company's check for the unearned portion of the premiums actually paid by the Insured, and such cancelation shall be without prejudice to any claim originating prior thereto."

Under the heading "Additional Provisions" embodied in the policy is the following: "(d) The Insured or the Company may, at any time, notify the Employer to make no further deductions from the wages of the Insured and in this event the Policy shall lapse at the end of the period for which the premium shall have been actually paid. If such notice shall be given by the Company, a copy thereof shall be mailed to the Insured's last address as shown by the records of the Company."

Under date of December 1, 1932, the insurance company mailed to Mr. J. C. Willcox, Auditor of Disbursements of Louisville and Nashville Railroad Company, a notice which reads as follows:

"Please discontinue deductions in favor of this Company, and either return or file the stoppage order, as noted below. In either event, please sign and return the attached duplicate of this memorandum, as acknowledgment.

"Name    Walter McCord     Policy Number 20-62506
"Occupation    Car Re-     Department    Mechanical
   pairer
"Division    Birmingham    Location Boyles Shops
"Working No.
"Reason for withdraw-      Insurance to be discon-
   al:                       tinued as of annivers-
                             ary date December 15,
                             1932
                           November last deduction
                             to be retained by Rail-
                             road Company."

A copy of this notice was mailed to and received by the insured on December 3rd, 1932.

Thereafter the Insured tendered and offered to pay the premiums on said policy in respect to both of its features, and held himself ready, willing and able to pay each of said premiums as they matured, but the insurer refused to accept payment and in accordance with provisions of subparagraph (d) terminated the policy on its records.

The insured died October 30th, 1940, eight years later.

The sole question presented is whether or not the insurer reserved the right in the policy to terminate the insurance without the consent of the insured, by compliance with subparagraph (d).

The insistences of appellant are (a) that said paragraph is not a cancellation clause and it was not within the contemplation of the parties that insured was reserving the right by said paragraph to terminate the insurance; (b) that said stipulation is ambiguous and uncertain, and the uncertainty must be resolved against the insurance company who prepared the contract, and lastly, that said "Death Rider" constitutes in and of itself a complete contract of insurance, without reservation on the part of the insurer of the right to cancel or terminate the same as long as the insured paid the premiums provided for therein.

These contentions will be treated in the inverse order of their statement.

The "Death Rider", issued contemporaneously with the policy, shows on its face that it was to be attached and become a part of the policy.

It is well settled that, "Two or more instruments executed contemporaneously by the same parties in reference to the same subject-matter constitute one contract." 5 Ala.Dig. 71, Contracts, ☞164; Hunter-Benn & Co. Company v. Bassett Lumber Co., 224 Ala. 215, 139 So. 348.

Under the well settled rule of interpretation the policy and the rider constitute the contract between the parties.

We are not of opinion that the stipulation in subparagraph (d) is ambiguous or uncertain of meaning. Either party under said subparagraph had the right to terminate the contract and the obligation to pay. Union Central Relief Ass'n v. Johnson, 198 Ala. 488, 73 So. 816; McGifford v. Protective Life Ins. Co., 227 Ala. 588, 151 So. 349.

Our judgment is that by complying with said subparagraph, the defendant's liability terminated on the 15th day of December, 1932, and that the plaintiff was not entitled to recover.

No error appearing on the record, the judgment of the circuit court is due to be affirmed. So ordered by the Court.

Affirmed.

GARDNER, C. J., and THOMAS and LIVINGSTON, JJ., concur.