57 So.2d 828

### WILLIAMS v. KILLEN.
### 8 Div. 44.

Court of Appeals of Alabama.
March 13, 1952.

Potts & Young, Florence, for appellee.

Bradshaw & Barnett, Florence, for appellant.

CARR, Presiding Judge.

This appeal is from a judgment below in favor of plaintiff in a suit on a promissory note.

Appellant contends that the note was improperly allowed in evidence because subsequent to its execution and without his consent the note was materially altered. Title 39, Sec. 121, Subsec. 2, Code 1940; Title 7, Sec. 430, Code 1940.

The claimed alteration or addition consists in this: "interest six percent from date."

█ The evidence in this aspect is in dispute, and the merit of the claim was properly submitted to the jury for determination. Moore v. Williamson, 210 Ala. 427, 98 So. 201.

Appellant also anchors his insistence for a reversal of the judgment below on the legal truism that a deed of conveyance passing present title in fee simple carries the right of immediate possession, use, and enjoyment and therefore, in consonance with this doctrine, he was entitled to the rents thereafter accruing on the property conveyed. He urges that there was no reservation of the rents in the deed and parol evidence could not be admitted to supply the reservation.

We do not think that the evidence in the case authorizes an application of this principle.

On February 24, 1947, Mr. Killen, the appellee, conveyed to Mr. Williams, the appellant, a tract of land on which there was a dwelling. At the time of the execution of the deed, Mr. Quillen was occupying the premises under a one-year lease agreement with the appellee.

It appears that the tenant had paid $300 in advance. This amount extended the right of occupancy to about January 1, 1948.

It appears, also, that Mr. Quillen was constructing a dwelling and both Mr. Killen and Mr. Williams understood that when the house was completed Mr. Quillen would move into his new home, and at this time he would expect the appellee to refund the portion of the unused rental on the basis of $25 per month.

According to appellee's contention, the appellant was advised of this understanding and the latter agreed to pay the former the amount of the refund to Quillen. This promise of payment formed a part of the consideration for the purchase of the property.

At the time the deed was delivered the parties concerned entered into this written agreement:

"This agreement made this the 25 day of February, 1947 by and between Alfred V Williams party of the first part to and with Duncan B. Killen Party of the second part witnesses that the party of the second part hereby agrees to pay all taxes and to pay a twelve month premium on a $2500.00 Fire Insurance on a Five Room Stone Veneer Dwelling Located on the Jackson Highway on the south side of the Green Hill Masonic Lodge.

"It is further agreed that in the event the dwelling shall become vacant the party of the first part agrees to assume the balance of the rent that shall be due for the rest of the year.

"Seal  Alfred V. Williams
"Seal  Duncan B. Killen"

On April 19, 1947, Mr. Killen sold Mr. Williams another piece of property. As a part of the purchase price of this conveyance Mr. Williams deeded the first conveyed property back to Mr. Killen.

Mr. Quillen was still occupying the rented premises, but he moved soon thereafter, at which time the appellee refunded $200 to the tenant.

Mr. Killen sold the repurchased property to a Mr. Horne. The latter person moved in and occupied the premises.

On April 20, 1947 the appellant executed a promissory note in the amount of $200 and made payable to the appellee. The note was given to secure the amount which would be required as a refund to Quillen.

The instant cause of action is based on this instrument.

█ The authorities are committed to the holding that if two or more agreements are executed contemporaneously by the same parties and relating to the same subject matter they will be considered and construed together in an effort to ascertain the true intent of the contracting parties. Albert v. Nixon, 229 Ala. 273, 156 So. 775; Cole v. Yearwood, 241 Ala. 437, 3 So.2d 1.

█ In applying this legal doctrine we come to the clear conclusion it was the intention of the parties that as a part of the consideration for the conveyance of the

property the appellant should reimburse the appellee for the amount the latter would be required to refund to Quillen on the rental agreement. In effect it was equivalent to a reservation to the vendor of the rents which would accrue and for which he had been paid.

So considered, the note given to evidence and secure this amount contained a valuable consideration.

 The rule that parol evidence of a reservation of rent by the vendor is inadmissible because such proof contradicts and varies the effect and terms of the deed of conveyance has no application in the case at bar.

The contemporaneous execution of the two written instruments destroys the influence of the rule. Some of the authorities relied on by appellant are nonsupporting because of this factual situation.

It is pointed out in brief of appellant that the deed is dated February 24 and the contract bears date of February 25. It is urged that the two instruments cannot be considered as being contemporaneously executed on account of the variation in dates.

The evidence discloses that the deed was delivered on February 25. This is the effect of appellant's testimony.

Appellant argues that the note on which the suit is based is without a valid consideration because it was executed on a date subsequent to that of the written agreement. We cannot accord merit to this position.

The general rule is stated in 17 C.J.S., Contracts, § 122, p. 472: "A preëxisting liability is a good consideration for a new promise. For example, a preëxisting debt or a liability on contract generally is a good consideration. So where a debtor gives additional security to his creditor, or a principal to his surety, on a preëxisting debt, without any new consideration, there is a sufficient consideration." See also, Gates v. Morton Hardware Co., 146 Ala. 692, 40 So. 509; First National Bank of Athens v. Laughlin, 209 Ala 349, 96 So. 206.

It is our considered conclusion that the judgment below should be affirmed. It is so ordered.

Affirmed.