225 So.2d 843

**GLOBE INDEMNITY COMPANY**

*v.*

**C. W. WORLEY, d/b/a Anchor Insurance Agency.**

**6 Div. 416.**

Supreme Court of Alabama.

July 10, 1969.

London, Yancey, Clark & Allen, Birmingham, for appellant.

Witcher & Young, Birmingham, for appellee.

LAWSON, Justice.

This is an appeal from a judgment rendered by the Circuit Court of Jefferson County in a suit filed by the appellant, Globe Indemnity Company, a corporation, sometimes hereinafter referred to as Globe, against C. W. Worley, d/b/a Anchor Insurance Agency, sometimes hereinafter referred to as Worley.

The cause was tried before the court without a jury. No testimony ore tenus was adduced, the parties agreeing to submit the cause to the trial court on a written stipulation. Consequently, we indulge no presumption in favor of the action of the trial court here under review.

The ultimate question for decision is whether or not the trial court correctly con-

strued a written instrument which bears the caption "Release Agreement," which Globe and Worley executed on December 22, 1960.

On October 15, 1957, Globe and Worley executed two written instruments, both bearing the caption "Agency Agreement."

In the agency agreement attached to the Stipulation as Exhibit A, Worley was designated by Globe as the latter's agent to receive and accept proposals for "Fire and Allied Lines" insurance contracts. Under the provisions of Exhibit A, Worley was authorized "to collect, receive and receipt for premiums on insurance tendered by the Agent [Worley] to and accepted by the Company [Globe] and to retain out of the premiums so collected, as full compensation on business so placed with the Company, commissions at the following rates, viz: as mutually agreed."

In the "Agency Agreement" attached to the Stipulation as Exhibit B, Globe granted to Worley the authority to solicit and submit applications "for the classes of insurance and fidelity and surety bonds for which a commission is specified in the Commission Schedule on the back hereof and which forms a part of this agreement; * * * to insure and deliver policies, bonds, certificates, endorsements and binders which the Company [Globe] may, from time to time, authorize to be issued and delivered; to collect and receipt for premiums thereon or therefor; * * * and to retain out of the premiums collected and paid over to the Company in accordance herewith, as full compensation on business placed with the Company [Globe] by or through the agent [Worley], commissions at the rate set forth in said Commission Schedule."

Exhibit B to the Stipulation as submitted to this court does not have a "schedule" on the back thereof, so we are not advised of the commissions which Worley was entitled to retain out of the premiums received by him for services rendered Globe under Exhibit B. But that fact is not material here.

On December 3, 1957, Globe and Worley executed an instrument which bears the caption "Contingent Commission Agreement," which was attached to the Stipulation as Exhibit C.

In pertinent parts Exhibit C provides as follows:

"In addition to the commissions otherwise payable the Company [Globe] hereby agrees to allow to the Agent [Worley] a contingent commission of ten per centum (10%) of the net profits on all classes of business produced by the Agent [Worley] for the Company [Globe] except underwriting association business and business written in the Marine Department, the said profits to be calculated in the manner herein set forth.

* * * * * *

"In the event of the cancellation of the Agency Agreement or of this Agreement, either by the Company [Globe] or by the Agent [Worley], it is agreed that the contingent profit for the year in which the cancellation is effected shall be calculated in the ordinary manner as herein set forth and as so computed, this shall be the final contingent profit payable. * * *

* * * * * *

"This Agreement may be terminated or amended at any time by either party on written notice to the other. The cancellation of the Agency Agreement between the Company and the Agent shall terminate this Supplemental Agreement without further notice from either party."

It was provided in the Contingent Commission Agreement, Exhibit C to the Stipulation, that the said agreement was effective as of October 15, 1957, the date on which the two Agency Agreements were executed.

Exhibits A, B and C are standard forms prepared by Globe.

Paragraph 3 of the Stipulation reads as follows:

"Dispute arose between the Plaintiff [Globe] and Defendant [Worley] as to certain accounts relative to insurance and bonds of Branch Erection Company of Mobile, Alabama; and pursuant to agreement the Plaintiff [Globe] and Defendant [Worley] entered into a release agreement, a copy of which is labeled Exhibit D, and attached to the stipulation."

Exhibit D, the "Release Agreement," reads as follows:

"STATE OF ALABAMA)

JEFFERSON COUNTY)

"KNOW ALL MEN BY THESE PRESENTS: That for and in consideration of the sum of Nine Thousand and no/100 ($9,000.00) Dollars, in hand paid by C. W. Worley unto Globe Indemnity Company, the receipt whereof is hereby acknowledged, and the forbearance by the said Globe Indemnity Company of certain account balances claimed by it to be owed unto Globe Indemnity Company, on policies of insurance and bonds written on the Branch Erection Company of Mobile, Alabama, the undersigned Globe Indemnity Company does hereby release, acquit and forever discharge the said C. W. Worley, doing business as Anchor Insurance Agency of any and all claims, or demands against the said C. W. Worley, doing business as Anchor Insurance Agency by Globe Indemnity Company, on account of insurance contracts, policies or bonds written on behalf of the said Branch Erection Company of Mobile, Alabama, and the *undersigned C. W. Worley, doing business as Anchor Insurance Agency, does forever release, discharge and acquit the Globe Indemnity Company of any and all claims, demands, rights of action or obligations of any nature whatsoever arising out of the agency contract of the said Globe Indemity Company with the said C. W. Worley, doing business as Anchor Insurance Agency.* [Emphasis supplied]

"Done this the 28th day of December, 1960.

C. W. Worley (L.S.)
Doing business as Anchor Insurance Agency.

GLOBE INDEMNITY COMPANY (L.S.)

By James E. Clark
Its Attorney."

Exhibit D was prepared by the attorney for Globe and was submitted to the attorney for Worley by letter dated December 28, 1960, which letter was attached to the Stipulation as Exhibit H. That letter need not be set out or summarized.

On or about February 1, 1961, a letter was sent from Worley to Globe relative to the Contingent Commission Agreement. That letter was attached to the Stipulation as Exhibit E. In our opinion it need not be set out or summarized.

On February 24, 1961, Globe forwarded a letter to Worley, a copy of which was attached to the Stipulation as Exhibit F. That letter need not be set out or summarized. It is to be noted, however, that in the letter of February 24, 1961, Globe did not assert that any claim or right which Worley had under the Contingent Commission Agreement (Exhibit C) had been released by virtue of the provisions of the Release Agreement (Exhibit D) which we have italicized above

Subsequent to February 24, 1961, the exact date not appearing, a copy of the "Contingent Profit Sharing Account" between Globe and Worley was delivered to Worley. It was attached to the Stipulation as Exhibit G and showed the amount of the contingent commission tc be $1,458.60. In regard to the delivery of Exhibit G by Globe to Worley, the Stipulation of the parties contains the following language: "It is stipulated that the delivery of this contingent profit-sharing account statement did not create any new right in either the

plaintiff [Globe] or defendant [Worley] in this cause."

Apparently a disagreement arose between Globe and Worley after the execution of the "Release Agreement" (Exhibit D) as to the amount of money owed by Worley to Globe inasmuch as Globe filed a complaint in the Jefferson County Civil Court of Birmingham against Worley. The complaint contained one count, which reads:

> "The plaintiff claims of the defendant the sum of Three Thousand and no/100 ($3,000.00) Dollars for that heretofore during the year, to wit, 1957, the plaintiff and the defendant entered into an insurance agency agreement, with the defendant thereafter acting as agent for the plaintiff in the solicitation of insurance policies and the collection of premiums thereon, and under an arrangement whereby for all policies written the defendant was to remit to the plaintiff the premiums earned thereon less certain commissions agreed upon, and the defendant has wholly failed to remit monthly balances of premiums owed the plaintiff on the policies written during the years 1961 and 1962 in the sum of $3,038.47 which said premiums owed by the defendant to plaintiff having been past due since the month of June 1962 and prior thereto, and for which the plaintiff now sues, waiving all damages in excess of $3,000.00."

We are not certain of the date on which Globe's complaint was filed in the Jefferson County Civil Court of Birmingham. It appears that Globe recovered a judgment in the Jefferson County Civil Court of Birmingham against Worley in the amount of $282.02. It is so stated in the "Appeal Bond to Circuit Court" which Globe filed in the office of the Clerk of the Circuit Court of Jefferson County on March 8, 1965.

A circuit court "Minute Entry" of September 6, 1966, reads in part: "* * * came the parties by their attorneys, and by consent of parties the Court will use Count One as filed in the Jefferson County Civil Court as the sole count; defendant pleads in short by consent; parties filed stipulation of facts, * * *."

Worley pleaded "in short by consent the general issue, with leave to give in evidence any matter which if well pleaded, would be admissible in defense of the action, to have effect as if so pleaded; and with leave to the Plaintiff to give in evidence any matter, which if well pleaded, would be admissible in reply to such defensive matter, to have effect as if so pleaded."

The remainder of the Stipulation is to the effect that in the accounting between Globe, the plaintiff, and Worley, the defendant, in regard to the premiums received by Worley and not remitted to Globe under the terms of the Agency Agreements (Exhibits A and B), the balance due Globe by Worley was $2,874.53, unless Worley is entitled to credit thereon in the sum of $1,458.60, as represented by profits due him under the Contingent Commission Agreement (Exhibit C), which credit was unquestionably due Worley unless he had released the profits due him under the last-mentioned agreement by virtue of the provisions of the Release Agreement (Exhibit D) which we italicized above and which we set out hereafter:

> "* * * and the undersigned, C. W. Worley, doing business as Anchor Insurance Agency, does forever release, discharge and acquit the Globe Indemnity Company of any and all claims, demands, rights of action or obligations of any nature whatsoever arising out of *the Agency Contract* of the said Globe Indemnity Company with the said C. W. Worley, doing business as Anchor Insurance Agency." (Emphasis supplied.)

On September 6, 1966, the trial court rendered judgment, which appears to have been entered on September 8, 1966, in favor of Worley as to the said sum of $1,458.60 and otherwise adjudging that Globe was entitled to receive from the Clerk of the

Circuit Court of Jefferson County the sum of $282, which Worley had tendered to Globe, and to cash Worley's check in the sum of $1,133.91, which had previously been delivered to the plaintiff.

From that judgment Globe appealed to this court.

Counsel for appellant recognizes that the express language of the pertinent provisions of the Release Agreement (Exhibit D) releases, discharges and acquits Globe only from claims, demands, rights of action or obligations of any nature whatsoever "arising out of the Agency Contract." In other words, counsel concedes that the Release Agreement, *supra,* does not expressly refer to the Contingent Commission Agreement.

Counsel for appellant says that the said Contingent Commission Agreement shows on its face that it is a supplemental agreement to the Agency Agreements and that therefore the words "Agency Contract" as used in the pertinent provisions of the Release Agreement relate not only to the Agency Agreements but to the Contingent Commission Agreement. The case of Pettus v. Dudley Bar Co., 218 Ala. 163, 118 So. 153, is cited for the proposition that a supplement to an original contract can be made applicable to the original contract.

We have said that two or more instruments executed contemporaneously by the same parties in reference to the same subject matter can constitute one contract. McCord v. Travelers Ins. Co., 244 Ala. 164, 12 So.2d 413, and cases cited; Moorer v. Tensaw Land & Timber Co., 246 Ala. 223, 20 So.2d 105; Cole v. Yearwood, 241 Ala. 437, 3 So.2d 1; Evans v. Kilgore, 246 Ala. 647, 21 So.2d 842; Ingalls Iron Works Co. v. Ingalls, 256 Ala. 124, 53 So.2d 847. The principle stated in the cases last cited is undoubtedly true for many purposes, but its application depends on the facts of each particular case. See Wilkins v. Reliance Equipment Co., 259 Ala. 348, 67 So.2d 16; Hunter-Benn & Co. v. Bassett Lumber Co., 224 Ala. 215, 139 So. 348. We do not think that principle is controlling in the instant case to the extent that it requires a holding that the words "Agency Contract" as used in the Release Agreement (Exhibit D) were intended to refer not only to the Agency Agreements but to the Contingent Commission Agreement.

At the time the Release Agreement (Exhibit D) was signed by the parties on December 28, 1960, both parties knew of the existence of the Contingent Commission Agreement (Exhibit C) and knew that it was in force between the parties on that date and both were charged with knowledge of the provisions of the Contingent Commission Agreement relative to the payment of final contingent profits in the event of cancellation of the Agency Agreements or of the Contingent Commission Agreement prior to the end of any particular year.

The appellant, Globe, was in complete control of the drafting, phrasing and preparation of the Release Agreement (Exhibit D), as well as Exhibits A, B and C, and if it had been the intent of Globe to obtain from Worley a release of the profits to which he was entitled under the Contingent Commission Agreement (Exhibit C), the mere inclusion of the words "and Contingent Commission Agreement" after the words "Agency Contract" in the Release Agreement (Exhibit D) would have solved all questions as to whether or not the Release Agreement was intended by the parties to encompass the Contingent Commission Agreement. We are of the opinion that the conduct of the parties subsequent to the execution of the Release Agreement (Exhibit D) tends to show that it was not the intention of the parties that the said Release Agreement encompass the profits to which Worley was entitled under the Contingent Commission Agreement.

As disclosed in Exhibit F to the Stipulation, the letter addressed to Worley from Globe, Worley had written Globe on February 22, 1961, requesting a statement as to his contingent commission. In response to such request, Globe responded with the

contents of the letter of February 24, 1961, advising Worley that Globe would furnish him with information relative to the Contingent Commission Agreement. Subsequent thereto Globe did so furnish Worley with information to the effect that the amount of profit which Worley had earned under the Contingent Commission Agreement was $1,458.60.

We are of the opinion that the correspondence between the parties clearly reflects that it was the intention of Globe, even after February 24, 1961, to pay to Worley the profits which he had earned under the terms and provisions of the Commission Agreement. This is not in keeping with the construction which counsel for appellant would have us place on the Release Agreement.

We have not overlooked the fact that counsel for Globe in brief filed here on its behalf argues that the pertinent provisions of the Release Agreement would be without meaning unless the words "Agency Contract" are construed as including the words "Contingent Commission Agreement" because there was no claim or demand on Globe by Worley which the latter could release except the profits earned under the Contingent Commission Agreement. We do not follow this argument. Worley had in his possession, even after the execution of the Release Agreement, premiums which he had received and had not remitted to Globe on which he was entitled to a commission under the terms of the Agency Agreements. Those commissions could have been considered a claim or demand against Globe which Worley released.

We are of the opinion that the judgment of the trial court is correct and is due to be affirmed. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.