STEAGALL, Justice.
Betty M. Hood, as executrix of the estate of her husband, David H. Hood, Jr., sued the City of Birmingham for breach of contract for its failure to pay $60,800 in legal fees for services her husband' had performed for Roosevelt City (annexed by Birmingham in 1988), as that city’s attorney. Mrs. Hood filed her notice of claim with Birmingham on January 30, 1989. Section 11-47-23, Ala.Code 1975, requires that notice of certain claims be filed with the municipal clerk within two years from the accrual of the claims. The trial court dismissed both Mrs. Hood’s complaint and her amended complaint, presumably for noncompliance with that statute. On appeal, Birmingham argues that Mrs. Hood’s failure to comply with § 11-47-23 bars her suit. Mrs. Hood, on the other hand, argues that Birmingham, as successor in interest to Roosevelt City’s assets and liabilities, is estopped from asserting the limitations defense.
On March 6, 1984, Roosevelt City, through its mayor and city council, entered into a written agreement with David Hood that itemized his services for the period January 1972 until February 1984 and acknowledged its debt to him:
“We, the undersigned, Mayor and City Council of Roosevelt City, Alabama, certify that the City of Roosevelt City, Alabama, is justly indebted to Attorney David H. Hood, Jr., in the sum of Sixty Thousand and Eight hundred ($60,800) Dollars as set out in Count One (1) herein, and in behalf of Roosevelt City, Alabama, and as Mayor and City Councilpersons of the City of Roosevelt City, Alabama, we confess judgment in behalf of the City of Roosevelt City to Attorney David H. Hood, Jr., as set out herein and the facts are true and correct.”
*165 Mrs. Hood contends that her husband withheld filing a notice of claim with Roosevelt City because it lacked the funds to pay him. She stated in her affidavit:
“[T]he Mayor and Council Members informed Attorney Hood that the City was without funds to satisfy the indebtedness at that [sic] time they signed a promissory agreement (Council Members and Mayor), acknowledging and binding the City to said indebtedness and would pay the indebtedness as soon as the City had funds to take care of this matter. As soon as annexation took place, it was apparent that funds were available and a claim was made on the indebtedness.”
Although Alabama recognizes the estoppel defense in the context of § 11-47-23, see Large v. City of Birmingham, 547 So.2d 457 (Ala.1989), and City of Montgomery v. Weldon, 280 Ala. 463, 195 So.2d 110 (1967), we find it unnecessary to reach that argument, in light of the written agreement between David Hood and Roosevelt City.
Restatement (Second) of Contracts § 82 (1981) states the rule with regard to such promises to pay indebtedness as follows:
“§ 82. Promise to Pay Indebtedness;
Effect on the Statute of Limitations “(1) A promise to pay all or part of an antecedent contractual or quasi-contractual indebtedness owed by the promisor is binding if the indebtedness is still enforceable or would be except for the effect of a statute of limitations.
“(2) The following facts operate as such a promise unless other facts indicate a different intention:
“(a) A voluntary acknowledgement to the obligee, admitting the present existence of the antecedent indebtedness.... ”
In this case, Roosevelt City’s promise to pay Mr. Hood bound it contractually because the indebtedness owed Mr. Hood was not barred by the six-year statute of limitations for actions on contracts when the agreement was signed in March 1984. See § 6-2-34. In other words, by signing the agreement, Roosevelt City had voluntarily admitted the present existence of the antecedent indebtedness and had thus not triggered the running of the limitations period during the time Mr. Hood performed the legal services for it from January 1972 until February 1984.
Moreover, the written agreement is supported by the necessary consideration, because it is based upon a pre-existing debt. “ ‘A preexisting liability is a good consideration for a new promise.... [A] preexisting debt or a liability on contract generally is a good consideration.’ ” Williams v. Killen, 36 Ala.App. 446, 449, 57 So.2d 828, 830 (1952), quoting 17 C.J.S. Contracts § 122, p. 850. The “claim” spoken of in § 11-47-23 does not include a contractual obligation known to and acknowledged by the city. Mrs. Hood’s “claim” was actually one for a debt (and not a claim contemplated by § 11-47-23) owed her husband by Roosevelt City, which debt Birmingham assumed when it annexed that city. Ala.Code 1975, § 11-42-180, provides:
“When any municipal corporation has been absorbed or its government extinguished by the alteration or rearrangement of the boundary lines of another city or town, the city or town whose boundary lines have been altered and rearranged shall assume and pay all and any debts, liabilities and bonds of every kind and character and the interest thereon when the same becomes due which may have been lawfully contracted or issued by the city or town so absorbed or whose government has been extinguished. ...”
(Emphasis added.)[1]
Because we are holding that compliance with § 11-47-23 was not mandated here due to the nature of the “claim” against Birmingham, we find that dismissal was inappropriate. We reverse the judgment *166 and remand this case for further proceedings.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, ALMON and ADAMS, JJ., concur.

. See, also, 56 Am.Jur. Municipal Corporations § 96 (1971) for a general discussion of the protection of the creditors of a dissolved municipal corporation, and City of Decatur v. Thames Bank & Trust Co., 84 F.2d 105 (5th Cir.1936), cited with approval in Troup v. City of Decatur, 236 Ala. 393, 395, 182 So. 817, 818 (1938) (consolidation of municipalities imposes on resulting municipality liability for the obligations of the subsumed municipality).